# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE SANTANA ALCARAZ, LUIS HERNANDEZ SILVA, and JOSE AREVALO MENDOZA, | : : : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No.**  2:21-cv-691 |
| **v.** | : | |
| | : | |
| SCHMIDT LANDSCAPING, INC., GARY E. SCHMIDT, THERESE SCHMIDT, ALEJANDRO BRAVO CORIA, SR., EVERGREEN NURSERY, LLC, PAUL HAUBER, LANDSCAPING FOR LE$$, LLC, ADAM BEAM, and MICHAEL PANTELY, | : : : : : : : | |
| **Defendants.** | : | |

# COMPLAINT

## NATURE OF ACTION

1.     Plaintiffs Jose Santana Alcaraz, Luis Hernandez Silva, and Jose Arevalo Mendoza bring this civil action seeking redress for, inter alia, violations of laws prohibiting forced labor and abuses of the H-2B temporary worker visa program.

2.      Defendants Schmidt Landscaping, Inc., Gary E. Schmidt, Therese Schmidt, Alejandro Bravo, Sr., Evergreen Nursery, LLC, Paul Hauber, Landscaping for Le$$, LLC, Adam Beam, and, upon information and belief, Michael Pantely recruited Plaintiffs from Mexico for employment in Pennsylvania, using promises regarding the terms and conditions of employment

1

to induce Plaintiffs to work for Defendants in the United States through the H-2B temporary worker visa program.

3. Once Plaintiffs arrived in Pennsylvania, Defendants broke those promises. Defendants forced Plaintiffs to labor long hours, and often failed to compensate them at the promised rate of pay. From the pay Plaintiffs did receive, Defendants made unauthorized deductions. Defendants Gary E. Schmidt and Alejandro Bravo Coria, Sr., compelled Plaintiffs to labor by, inter alia, withholding Plaintiffs' passports and threatening Plaintiffs with deportation, cancellation of their visas, harm to their families, loss of work, and blacklisting.

4. Defendants Gary E. Schmidt and Alejandro Bravo Coria, Sr. used violence to cause bodily harm to Plaintiffs; among other things, they shocked Plaintiffs with live electrical wires while Plaintiffs slept and drove landscaping machines into Plaintiffs while Plaintiffs worked.

5. Defendants Gary E. Schmidt and Alejandro Bravo Coria, Sr., further attempted to isolate Plaintiffs by prohibiting them from leaving worksites or their residence on their own, having visitors at their residence, and discussing the conditions of their employment with anyone.

6. As a result of this campaign of coercion and violence, Plaintiffs believed they had no choice but to continue to labor for Defendants.

7. Plaintiffs assert claims arising from violations of their rights under the Trafficking Victims Protection Act (18 U.S.C. §§ 1581, et seq.); Fair Labor Standards Act (29 U.S.C. §§ 201 et. seq.); and state statutes and common law.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1337, 18 U.S.C. § 1595(a), and 29 U.S.C. § 216(b).

      a.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 since Plaintiffs'

claims arise out of the laws of the United States.

      b.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 since the

construction of the terms of contracts for employment of temporary foreign non-

agricultural workers pursuant to the federal H-2B program arises under the laws of the

United States.

      c.      This Court has jurisdiction pursuant to 28 U.S.C. § 1337 since Plaintiffs'

claims arise out of the laws of the United States regulating commerce.

      d.      This Court has jurisdiction over Plaintiffs' Trafficking Victims Protection

Act claims pursuant to 18 U.S.C. § 1595(a).

      e.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to the

FLSA, which provides that "[a]n action to recover . . . may be maintained . . . in any

Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

      f.      This Court has supplemental jurisdiction over Plaintiffs' state law and

common law claims under 28 U.S.C. § 1367 because those claims arise out of the same

operative facts as the claims arising under federal law and are so related to those claims

that they "form part of the same case or controversy under Article III of the United States

Constitution." 28 U.S.C. § 1367(a).

9.      Defendants are actively conducting business in the Commonwealth of

Pennsylvania and are therefore subject to this Court's personal jurisdiction.

10. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as Defendants' actions and/or omissions took place in Allegheny, Westmoreland and Washington Counties, Pennsylvania, all of which are within the Western District of Pennsylvania.

## PARTIES

### Plaintiffs

11. Plaintiffs are citizens of Mexico who entered the United States lawfully on H-2B visas to perform landscaping labor.

12. Plaintiffs are native Spanish speakers. They are not fluent in English.

13. In each of the years 2011 to 2016 and 2018 to 2020, Plaintiff Luis Hernandez Silva's ("Plaintiff Hernandez") H-2B visa was petitioned for by Defendant Schmidt Landscaping, Inc.

14. In each of the years 2011 to 2016 and 2018 to 2020, Plaintiff Hernandez worked for Defendant Schmidt Landscaping, Inc. in Western Pennsylvania.

15. In 2020, Plaintiff Hernandez's H-2B visa was petitioned for by Defendant Landscaping for Le$$, LLC.

16. In 2020, Plaintiff Hernandez worked for Defendant Schmidt Landscaping, Inc. in Western Pennsylvania.

17. In 2019, Plaintiff Jose Guadalupe Santana Alcaraz's ("Plaintiff Santana") H-2B visa was petitioned for by Defendant Schmidt Landscaping, Inc.

18. In 2019, Plaintiff Santana worked for Defendant Schmidt Landscaping, Inc. in Western Pennsylvania.

19. In 2019, Jose Arevalo Mendoza's ("Plaintiff Arevalo") H-2B visa was petitioned for by Defendant Evergreen Nursery, LLC.

4

20.     In 2019, Plaintiff Arevalo worked for Defendant Schmidt Landscaping, Inc. in Western Pennsylvania.

21.     At all times relevant to this action, Plaintiffs were engaged in commerce, were engaged in the production of goods for commerce, and/or were employed in enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**Defendants**

22.     Defendant Schmidt Landscaping, Inc. ("Defendant Schmidt Landscaping") is a Pennsylvania corporation with its principal office at 1521 Millers Run Road in McDonald, Pennsylvania.

23.     Defendant Schmidt Landscaping is a landscaping company whose primary activities are commercial and residential landscape services.

24.     Defendant Gary E. Schmidt ("Defendant Gary Schmidt") is the principal owner, President, and Treasurer of Defendant Schmidt Landscaping and resides in Pennsylvania.

25.     Defendant Gary Schmidt has the power to hire and fire employees, supervises and controls employee work schedules and conditions of employment, determines the rate and method of payment, and maintains employee records of Defendant Schmidt Landscaping.

26.     Defendant Gary Schmidt is an employer pursuant to 29 U.S.C. § 203(d), 43 P.S. § 260.2a, 43 P.S. § 333.103(g), and regulations promulgated thereunder, and is jointly and severally liable with Defendant Schmidt Landscaping.

27.     Upon information and belief, Defendant Therese Schmidt is a co-owner and the corporate Secretary of Defendant Schmidt Landscaping.

28. Upon information and belief, Defendant Therese Schmidt is involved in operations of the corporation including but not limited to determining the rate and method of wage payment and maintaining employee records of Defendant Schmidt Landscaping.

29. Defendant Alejandro Bravo Coria, Sr. ("Defendant Bravo") was an agent, supervisory employee, and representative of Defendant Schmidt Landscaping at all times relevant to this action. Defendant Bravo supervised and controlled Plaintiffs' work schedules and conditions of employment, facilitated wage payment, and maintained employee records of Defendant Schmidt Landscaping.

30. At all times relevant to this action, Plaintiffs were employees of Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, and Bravo (hereinafter collectively referred to as "Schmidt Defendants") within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Pennsylvania Minimum Wage Act of 1968 ("MWA"), 43 P.S. §§ 333.101-115; and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1-260.12.

31. Defendant Evergreen Nursery, LLC ("Defendant Evergreen Nursery" or "Defendant Evergreen Nursery d/b/a McMurray Nursery") is a limited liability company with its principal office at 211 Thompsonville Road in McMurray, Pennsylvania.

32. Defendant Evergreen Nursery has a registered fictitious name of McMurray Nursery and regularly conducts business as McMurray Nursery. Defendant Evergreen Nursery is a full service landscape company with the primary activities of providing commercial and residential landscape services.

33. Defendant Paul Hauber ("Defendant Hauber") is the owner of Defendant Evergreen Nursery and resides in Pennsylvania.

6

34. Defendant Landscaping for Le$$, LLC ("Defendant Landscaping for Le$$") is a Pennsylvania limited liability company with its principal office at 101 Sweetbriar Drive in Canonsburg, Pennsylvania.

35. Defendant Landscaping for Le$$ is a landscape design and maintenance company.

36. Defendant Adam Beam ("Defendant Beam") is an owner of Defendant Landscaping for Le$$ and resides in Pennsylvania.

37. Upon information and belief, Defendant Michael Pantely ("Defendant Pantely") is the co-owner of Defendant Landscaping for Le$$ and resides in Pennsylvania.

## STATEMENT OF FACTS

38. Defendants Schmidt Landscaping, Evergreen Nursery d/b/a McMurray Nursery, and Landscaping for Le$$ (hereinafter collectively referred to as "Entity Defendants") solicited, recruited, and hired Plaintiffs to perform landscaping work in Western Pennsylvania on a seasonal basis through the federal H-2B Temporary Non-Agricultural Worker program.

39. The H-2B Temporary Non-Agricultural Worker program ("H-2B Program") is a visa program available to U.S. employers seeking to fill temporary, unskilled positions in industries other than agriculture when those employers contend that they cannot find qualified U.S. workers for the positions.

40. Each year that a U.S. employer utilizes the H-2B program, the employer is required to submit an application for temporary labor certification (Form ETA 9142B) to the United States Department of Labor ("DOL") providing the specific job classification for the position the employer seeks to fill, as well as the duties and hours of labor the foreign worker will be asked to perform.

41.     If that application for labor certification is approved by DOL, the employer may then file an I-129 Petition for a Non-Immigrant Worker with the United States Citizenship and Immigration Services ("USCIS") for authorization to obtain H-2B visas to bring in workers from abroad to work for the petitioning employer only in the specific positions outlined in the approved labor certification.

42.     Where an I-129 Petition has been approved by USCIS, the employer or its foreign labor recruiter agents recruit prospective H-2B workers, or beneficiaries, who are outside of the United States.

43.     Each of the Entity Defendants in this proceeding arranged for visa processing of the beneficiaries of their approved H-2B petitions at the U.S. Consulate in Monterrey, Mexico, at an appointment time arranged by the employer or agent for the employer.

44.     The visa application process requires a valid passport, as well as the payment of a visa fee.

45.     The prospective H-2B worker attends an interview at the U.S. Consulate.

46.     If the application is approved, the Consular officials of the U.S. Department of State issue the H-2B visa to the worker.

47.     During this process, the U.S. Department of State provides the worker with a pamphlet that explains his or her rights as an H-2B worker and employee in the United States. This pamphlet contains information regarding human trafficking and the phone number for the National Human Trafficking Hotline.

48.     After the visa is issued, the worker may then travel to the United States and seek admission into the country pursuant to the H-2B visa at a designated port of entry.

49.     The H-2B visa issued to the worker lists the duration for which the visa is valid and lists the name of the petitioning employer.

50.     Pursuant to the H-2B rules, the exclusive purpose of the worker's stay in the United States is to work for the petitioning employer in the position certified by DOL for the time period authorized by the visa.

**Contract Formation**

51.     In all relevant years, DOL's certification requirements for the H-2B program at 20 C.F.R. Part 655, Subpart A established the minimum contractual terms which were required to be offered by employers to each H-2B worker. Those minimum terms of employment were incorporated into Plaintiffs' contracts of employment each year they were employed by Entity Defendants.

<u>Schmidt Landscaping and Gary Schmidt</u>

52.     Defendant Schmidt Landscaping entered into a separate seasonal contract of employment with individual Plaintiff Hernandez for each and every season from 2011 to 2016 and 2018 to 2019 pursuant to the H-2B Program.

53.     Defendant Schmidt Landscaping entered into a separate seasonal contract of employment with individual Plaintiff Santana for the 2019 season pursuant to the H-2B Program.

54.     Each party's acceptance of these contracts was supported by good and valuable consideration.

55.     In each relevant year, Defendant Schmidt Landscaping submitted an Application for Temporary Employment Certification to DOL using Form ETA-9142B. Appended to and incorporated into the Application in each relevant year was a Job Order for six positions with the

company, and appendices including a required Appendix B that included an Employer

Declaration executed under penalty of perjury by Defendant Gary Schmidt.

56.     The approved Job Orders included, but were not limited to, the following terms

and guarantees:

a.      The period of work, with a beginning and end date;

b.      Anticipated work schedule Monday to Friday, 7:30AM to 4:00PM, or

around 40 hours of work per week;

c.      An hourly wage of no less than the Prevailing Wage Rate for each term of

employment, which was $13.77 per hour in 2019;

d.      A specified rate of overtime pay for each term of employment, which was

$20.66 per hour in 2019;

e.      A weekly payroll period;

f.      Assurance that the employer will reimburse worker, either in advance or

within the first workweek, "for all visa, visa processing, border crossing and other related

fees, including those mandated by the government";

g.      Assurance that the employer would reimburse workers "outside of

reasonable commuting distances" for inbound transportation costs, including meals and

lodging;

h.      Guaranteed employment for a total of work hours equal to at least three-

fourths of the workdays of the total work period advertised in the Job Order; and

i.      Assurance that employer will provide "without charge all tools, supplies,

and equipment necessary to perform duties assigned."

57.    The approved Forms ETA-9142B for the years 2018 and 2019 are attached and fully incorporated into the Complaint as Exhibits A and B.

58.    The minimum contractual terms on which employment was offered in each season by Defendant Schmidt Landscaping were specified by regulations and requirements of DOL including specific assurances on behalf of Defendant Schmidt Landscaping, executed under penalty of perjury by Defendant Gary Schmidt on the annual Form ETA-9142B Appendix B. *See* Exhibit and B. These assurances included, but were not limited to[1]:

7.    During the period of employment that is the subject of this application, the employer will comply with applicable Federal, State, and local employment-related laws and regulations, including, but not limited to, employment-related health and safety laws, 20 C.F.R. part 655, Subpart A, 29 C.F.R. Part 503. In addition, the employer and its agents and attorneys are prohibited from holding or confiscating workers' passports, visas, or other immigration documents pursuant to 18 U.S.C. 1592(a).

9.    The employer and its agents, attorneys, and/or employees have not sought or received, and will not seek to receive, payment of any kind from the worker for any activity related to obtaining certification or employment, including but not limited to payment of the employer's attorney or agent fees, application or petition fees, or recruitment costs. Payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

---

[1] The numbering of the assurances included in the Complaint correspond to the numbering found in Form ETA-9142B Appendix B.

13.     The employer will make all deductions from workers' paychecks required by law and only those additional authorized and reasonable deductions disclosed in the job order. Deductions not disclosed will be prohibited.

16.     The employer will keep a record of workers' earnings and provide the workers with the required earnings statements on or before each payday[.]

17.     . . . The employer will either advance all visa, visa-related, border crossing, subsistence, and transportation expenses to workers traveling to the employer's worksite, pay for them directly, or reimburse such expenses, other than travel and subsistence, in the first workweek and reimburse the remainder of the expenses no later than the time workers complete 50 percent of the period covered by the job order . . . .

18.     The employer will provide to workers, without charge or deposit, all tools, supplies, and equipment required to perform the duties assigned.

21.     The employer has not and will not (and has not and will not cause another person to) intimidate, threaten, restrain, coerce, blacklist, discharge or in any other manner discriminate against any person who, with respect to 8 U.S.C. 1164(c), 20 C.F.R. Part 655, Subpart A, 29 C.F.R. Part 503, or any other Department regulation promulgated thereunder; has . . . exercised or asserted on behalf of himself/herself or others any right or protection.

22.     The employer has and will contractually forbid in writing any agent or recruiter (or any employee of such agent or recruiter) whom the employer engages, directly or indirectly, in international recruitment of H-2B

12

workers to seek or receive payments or other compensation from prospective

workers . . . .

Evergreen Nursery d/b/a McMurray Nursery and Paul Hauber

59.    Defendant Evergreen Nursery d/b/a McMurray Nursery entered into a separate

seasonal contract of employment with individual Plaintiff Arevalo for the 2019 season pursuant

to the H-2B Program.

60.    Each party's acceptance of this contract was supported by good and valuable

consideration.

61.    In or around January 2019, Defendant Evergreen Nursery submitted an

Application for Temporary Employment Certification to DOL using Form ETA-9142B.

Appended to and incorporated into the Application was a Job Order for 20 positions with the

company for a period between 4/1/2019 and 11/20/2019, and appendices including a required

Appendix B that included an Employer Declaration executed under penalty of perjury by

Defendant Paul Hauber.

62.    The approved Job Order included, but was not limited to, the following terms and

assurances:

a.    A wage rate of no less than $13.77 per hour and an overtime rate of

$20.66 per hour;

b.    Work for a total number of work hours equal to at least three-fourths of

the workdays in each 12-week period of the total employment period;

c.    Payment in advance or reimbursement in the first workweek for all visa,

visa processing, border crossing, and other related fees.

63. The approved Form ETA-9142B with appended Job Order and Appendix B is attached and fully incorporated into the Complaint as Exhibit C.

64. The minimum contractual terms on which employment was offered in each season by Defendant Evergreen Nursery were specified by regulations and requirements of DOL including specific assurances on behalf of Defendant Evergreen Nursery by Defendant Hauber on the annual Form ETA-9142B Appendix B. *See* Exhibit C. These assurances included, but were not limited to:

9. The employer and its agents, attorneys, and/or employees have not sought or received, and will not seek to receive, payment of any kind from the worker for any activity related to obtaining certification or employment, including but not limited to payment of the employer's attorney or agent fees, application or petition fees, or recruitment costs. Payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

10. Upon the separation from employment of any H-2B . . . worker(s) employed under this application, if such separation occurs prior to the end date of the employment specified in this application, the employer will notify the Department in writing of the separation from employment not later than 2 work days after such separation is discovered by the employer.

11. The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment or in a job classification not listed on the approved application unless the employer has obtained a new approved Form ETA-9142B.

14

65.     Defendants Evergreen Nursery and Hauber were aware and/or on notice that any employees recruited through the H-2B Program could only work for Defendant Evergreen Nursery in the area of intended employment listed on the approved application.

66.     Defendants Evergreen Nursery and Hauber were aware and/or on notice that Defendant Bravo's solicitation of payment from Plaintiff Arevalo related to employment was not in compliance with H-2B Program requirements. *See* paragraph 157, *infra*.

Landscaping for Le$$, Adam Beam, and Michael Pantely

67.     Defendant Landscaping for Le$$ entered into a contract of employment with individual Plaintiff Hernandez for the 2020 season pursuant to the H-2B Program.

68.     Each party's acceptance of this contract was supported by good and valuable consideration.

69.     In or around January 2020, Defendant Landscaping for Le$$ submitted an Application for Temporary Employment Certification to DOL using Form ETA-9142B. Appended to and incorporated into the Application was a Job Order for 40 positions with the company for a period between 4/1/2020 and 12/1/2020, and appendices including a required Appendix B that included an Employer Declaration executed under penalty of perjury by Defendant Beam.

70.      The approved Job Order included, but was not limited to, the following terms and assurances:

a.     A wage rate of no less than $13.95 per hour and an overtime rate of $20.93 per hour;

b.     40 hours of work per week;

      c.      Work for a total number of work hours equal to at least three-fourths of the workdays in each 12-week period of the total employment period;

      d.      Payment in advance or reimbursement in the first workweek for all visa, visa processing, border crossing, and other related fees.

71.     The approved Form ETA-9142B with appended Job Order and Appendix B is attached and fully incorporated into the Complaint as Exhibit D.

72.     The minimum contractual terms on which employment was offered in each season by Defendant Landscaping for Le$$ were specified by regulations and requirements of DOL including specific assurances under penalty of perjury by Defendant Beam on Form ETA-9142B Appendix B. *See* Exhibit D. These assurances included, but were not limited to:

10.     Upon the separation from employment of any H-2B . . . worker(s) employed under this application, if such separation occurs prior to the end date of the employment specified in this application, the employer will notify the Department in writing of the separation from employment not later than 2 work days after such separation is discovered by the employer.

11.     The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment or in a job classification not listed on the approved application unless the employer has obtained a new approved Form ETA-9142B.

73.     Defendants Landscaping for Le$$, Beam and, upon information and belief, Pantely were aware and/or on notice that any employees recruited through the H-2B Program

16

could only work for Defendant Landscaping for Le$$ in the area of intended employment listed on the approved application.

### Entity Defendants' Use of H-2B Program.

74.     Upon information and belief, Defendant Schmidt Landscaping has utilized the H-2B Program to obtain workers for its landscaping business since 2010 or earlier.

75.     Upon information and belief, Defendant Evergreen Nursery d/b/a McMurray Nursery has utilized the H-2B Program to obtain workers for its landscaping business since 2013 or earlier.

76.     Upon information and belief, Defendant Landscaping for Le$$ has utilized the H-2B Program to obtain workers for its landscaping business since 2019 or earlier.

77.     Upon information and belief, Defendants Beam and Pantely have utilized the H-2B Program to obtain workers for their landscaping businesses, Pantely's Landscaping for Less and/or Landscaping for Less, LLC, and associated fictitiously named companies since 2013 or earlier.

78.     Each Entity Defendant contracted with MAS Labor H2B, LLC, a limited liability company incorporated in Virginia, which acts as the agent and representative for employers in the submission and processing of H-2B applications.

79.     Entity Defendants have engaged in informal sharing of H-2B workers since 2011 or earlier. This venture involves sending H-2B workers from one landscaping business to another, for either single days or the entire season, for the financial benefit of all Entity Defendants.

80.     Such sharing is in violation of the H-2B regulations. The regulations require that an employer disclose in advance the worksites to which an H-2B employer will assign an H-2B

worker. Each additional worksite or job opportunity to which an H-2B employer will assign an H-2B worker is required to be identified on the ETA-9142B or on its attachments. *See* 20 C.F.R. § 655.18(b)(4); 20 C.F.R. § 655.20(x)

81.     Furthermore, the H-2B regulations contain specific requirements for "job contractors," that is, employers who supply H-2B workers to work with another, joint, employer. The job contractor is required to identify the joint employer and submit the application jointly with the joint employer. 20 C.F.R. § 655.19(d)(1).

82.     Pursuant to 20 C.F.R. § 655.19(a), a job contractor may only submit an H-2B Application for Temporary Employment Certification, Form ETA 9142B, if it is filing as a joint employer with its employer-client. That Form ETA-9142B must clearly identify the joint employers and the employment relationship by, inter alia, selecting "Job Contractor – Joint Employer" instead of "Individual Employer" in response to question G.1 on the form.

83.     In each relevant year, each Entity Defendant failed to select "Job Contractor – Joint Employer" and instead affirmatively selected "Individual Employer" in the Forms ETA-9142B submitted to DOL. *See* Exhibits A-D.

84.     In each relevant year each Entity Defendant otherwise failed to meet the regulatory requirements to be considered a job contractor.

85.     The result of this worker-sharing scheme was that, as further discussed below, Plaintiffs were forced to work for a company that was not the employer listed on their H-2B visas, and with which they did not execute a written employment contract.

86.     The work-sharing scheme was not discussed during the recruitment process and was not optional for Plaintiffs, but rather it was mandated by the Entity Defendants.

18

87.     Such transfers resulted in Plaintiffs Arevalo and Hernandez being sent to labor at Defendant Schmidt Landscaping, where they were subjected to forced labor as outlined below.

88.     Plaintiffs Arevalo and Hernandez would not have accepted the offers of employment had they known they would be sent to labor at Defendant Schmidt Landscaping, given the company's reputation as well as their own experiences.

**Shared Conditions of Workplace Exploitation**

89.     Plaintiffs labored at Defendant Schmidt Landscaping for different periods, but they experienced shared conditions of coercion, exploitation, and intimidation in the workplace.

90.     Plaintiffs were not reimbursed for pre-employment expenses, including visa fees, travel fees, and other costs.

91.     Plaintiffs were not paid the rate promised in their H-2B contracts.

92.     Plaintiffs were not paid for all hours worked.

93.     Plaintiffs were not paid overtime as required by the H-2B job orders.

94.     In fact, although Plaintiffs routinely worked over 70 hours per week, they only received paychecks from Defendant Schmidt Landscaping with wages for approximately 40 hours of work per week.

95.     Occasionally, Plaintiffs received small amounts of additional wages in cash, but these amounts did not compensate them for all the hours they worked nor for the overtime premium promised.

96.     Plaintiffs were often paid later than their regularly scheduled paydays.

97.     Plaintiffs were not provided a record or accounting for the calculation of the payment of wages, withholdings and deductions from pay, or hours worked.

98.     The effect of the late and insufficient payments was that Plaintiffs did not have money for food and other necessities. When Plaintiffs expressed this to Defendant Bravo, he grew angry and yelled at Plaintiffs.

99.     Defendants Bravo and/or Gary Schmidt threatened Plaintiffs by stating that those who did not work hard enough would see a reduction in pay, which would cause the wage rate to fall below the prevailing wage rate in violation of the H-2B job orders and federal regulations.

100.    If Plaintiffs attempted to discuss late or missing payments with Defendants Gary Schmidt and/or Bravo, Defendant Bravo threatened Plaintiffs with deportation and/or threatened to prevent Plaintiffs from receiving another visa in the future.

101.    In fact, Defendant Bravo regularly threatened Plaintiffs with deportation, blacklisting, or physical harm if they did not complete work as quickly as Defendants Bravo and Gary Schmidt expected.

102.    Defendant Bravo also threatened to call immigration authorities on Plaintiffs if they complained about working conditions.

103.    Defendant Bravo threatened Plaintiffs by stating that he knew people in Mexico who could physically harm Plaintiffs and/or their families. Defendant Bravo also made threats to hurt, kidnap, and kill Plaintiffs' family members.

104.    Defendant Bravo and Gary Schmidt also threatened that Plaintiffs would be arrested and/or deported if they tried to leave their employment.

105.    Defendant Bravo and/or Gary Schmidt also threatened Plaintiffs by causing them to believe that those who left their employment would be unable to receive the wages owed to them for work already performed, knowing that Plaintiffs depended on such wages to repay debts and support their families.

106.     Defendants Bravo and Gary Schmidt further engaged in acts of physical violence and intimidation against Plaintiffs.

107.     All Plaintiffs felt they had to continue laboring despite such conditions due to the threats of serious harm and coercive behavior outlined above.

108.     When Plaintiffs ultimately left Schmidt Defendants' employment, they were owed substantial amounts of back wages and had no financial resources to return to their homes hundreds of miles away.

109.     Plaintiffs also experienced abuse during non-work hours, particularly at the hands of Defendant Bravo.

110.     Plaintiffs lived in employer-provided housing with Defendant Bravo. The employer-provided housing was located at 66 Clifford Road, McDonald, PA 15057.

111.     This housing was owned by Defendants Gary Schmidt and Therese Schmidt.

112.     A rental fee for the housing was deducted by Schmidt Defendants from Plaintiffs' pay on a weekly basis.

113.     The specific amount of the rental fee was not disclosed to Plaintiffs in violation of 20 C.F.R. § 655.20(c).

114.     Defendants Bravo and/or Gary Schmidt attempted to isolate Plaintiffs and other workers from anyone outside of Schmidt Landscaping.

115.      Plaintiffs were promised that Defendants Bravo and/or Gary Schmidt would take Plaintiffs to the grocery store to shop once a week, but it often occurred less frequently. Plaintiffs relied on these trips to the grocery store to access food, drinking water, and other necessities.

116.     Plaintiffs were not allowed to have any visitors in the housing. Plaintiffs were told by Defendants Gary Schmidt and/or Bravo that they would call immigration authorities on any guests.

117.     Defendant Bravo generally did not let Plaintiffs inside the housing if he was not present.

118.     Defendant Bravo taunted Plaintiffs and subjected them to humiliating living conditions.

119.     On at least one occasion, Plaintiff Arevalo witnessed Defendant Bravo filming a worker who was using the bathroom and later showing the video to others, laughing and mocking the individual filmed.

### Initial Recruitment of Plaintiff Luis Hernandez Silva

120.     Plaintiff Hernandez was first recruited by Defendant Bravo, acting on behalf of Defendant Schmidt Landscaping, to labor at Schmidt Landscaping in or around the beginning of 2011.

121.     Defendant Bravo, acting on behalf of Defendant Schmidt Landscaping, made promises to Plaintiff Hernandez to pay certain hourly wages and travel expenses, provide housing, and provide other benefits as part of the employment agreement.

122.     Plaintiff Hernandez entered into an H-2B employment contract to work for Defendant Schmidt Landscaping in each of the years 2011, 2012, 2013, 2014, 2015, 2016, 2018, and 2019.

123.     In each year of his employment with Schmidt Defendants, Plaintiff Hernandez went into debt to finance his visa and travel costs.

22

124.    In each year of his employment with Schmidt Defendants, Schmidt Defendants intentionally broke the promises made to Plaintiff Hernandez during recruitment and in his H-2B contract.

125.    In or around 2013, Schmidt Defendants sent Plaintiff Hernandez to Defendant Evergreen Nursery d/b/a McMurray Nursery to labor.

126.    In each year of his employment with Schmidt Defendants, Plaintiff Hernandez was not reimbursed fully for his pre-employment expenses. He paid or was made to reimburse Defendant Gary Schmidt for travel expenses in each of the relevant years. Schmidt Defendants made deductions from Plaintiff Hernandez's pay for items including, but not limited to, pre-employment expenses, work boots, and tools required for his job. Plaintiff Hernandez did not authorize these deductions in writing.

127.    Defendants Bravo and/or Gary Schmidt continued to tell Plaintiff Hernandez he owed money, and they made deductions from his wages until the end of the season.

128.    Plaintiff Hernandez experienced the labor conditions outlined in paragraphs 89-119, *supra*.

129.    Plaintiff Hernandez was told by Defendant Bravo that the workers were not allowed to leave the premises of the housing on their own for any reason.

130.    Plaintiff Hernandez was told by Defendants Bravo and Gary Schmidt that he would be arrested and/or deported if he tried to leave the worker housing.

131.    In or around 2015, Defendants Bravo and Gary Schmidt took possession of Plaintiff Hernandez's passport. There was no valid reason for the retention of the passport.

132.    The effect of Defendants Bravo and Gary Schmidt's retention of Plaintiff Hernandez's passport was to keep him from leaving Schmidt Defendants' employment.

23

133.   On another occasion, Plaintiff Hernandez found Defendant Bravo in his room in the worker housing looking for his passport.

134.   On several occasions after returning to Mexico when his H-2B job contract ended, Plaintiff Hernandez was recruited in Mexico by Defendant Bravo with assurances that treatment would improve if he returned to labor for Schmidt Defendants the following season.

135.   Plaintiff Hernandez could not earn sufficient money in Mexico to meet his financial obligations.

136.   Defendants Bravo and Gary Schmidt's treatment of Plaintiff Hernandez became progressively worse each year he returned on an H-2B visa, as discussed below.

### Recruitment and Forced Labor of Plaintiff Jose Santana Alcaraz

137.   Plaintiff Santana was recruited in or around December 2018 by Defendant Bravo, acting on behalf of Defendant Schmidt Landscaping, to labor at Schmidt Landscaping in 2019.

138.   Defendant Bravo, acting on behalf of Defendant Schmidt Landscaping, made promises to pay Plaintiff Santana an hourly wage of $13.50, to reimburse his travel expenses, and to provide housing and other benefits as part of the employment agreement.

139.   With technical support from Defendant Bravo, Plaintiff Santana proceeded to obtain his passport and visa, with the goal of working for Defendant Schmidt Landscaping during the 2019 season.

140.   Plaintiff Santana made direct payments to Defendant Bravo for pre-employment expenses.

141.   Plaintiff Santana went into debt to finance his visa costs and travel to the United States.

24

142.     Schmidt Defendants unlawfully withheld a week of pay from Plaintiff Santana, stating he would only receive that payment if he completed the full season of employment with Schmidt Defendants.

143.     Plaintiff Santana experienced the labor conditions outlined in paragraphs 89-119, *supra*.

144.     Defendants Bravo and Gary Schmidt also engaged in acts of physical violence and intimidation against Plaintiff Santana.

145.     Defendant Bravo repeatedly used live electric wires to shock Plaintiff Santana while he was resting or sleeping in the employer-provided housing.

146.     Plaintiff Santana was frequently unable to sleep due to his fear that Defendant Bravo would subject him to electric shocks while he was asleep.

147.     Plaintiff Santana expressed a desire to leave Defendant Schmidt Landscaping.

148.     Shortly thereafter, Defendant Bravo took possession of Plaintiff Santana's passport and retained it for approximately five days during the 2019 season. There was no valid reason for this document retention.

149.     The effect of the retention of Plaintiff Santana's passport was to keep him from leaving Schmidt Defendants' employment.

150.     Plaintiff Santana considered attempting to leave many times, but he continued laboring at Defendant Schmidt Landscaping because of the money he was owed by Schmidt Defendants. He also felt compelled to work because of the debt he owed in Mexico and the increasing interest on that loan.

151.     While outside, Defendant Bravo frequently drove a Bobcat machine dangerously close to Plaintiff Santana, making him jump out of the way for his own safety.

152.   On one occasion, Defendant Bravo drove a Bobcat machine into Plaintiff Santana, hitting him in the chest. The collision caused Plaintiff Santana pain in his chest and stomach, which lasted for days.

153.   Given Defendant Bravo's escalating physical violence against him, Plaintiff Santana feared further abuse by Defendants Bravo and Gary Schmidt, and he decided to escape.

154.   Because Plaintiff Santana feared what Defendants Bravo and Gary Schmidt might do to him if they learned of his planned departure, Plaintiff Santana did not attempt to ask them for the significant amount of wages still due to him.

155.   One night, several days after Defendant Bravo hit Plaintiff Santana with the Bobcat, Plaintiff Santana escaped from Schmidt Defendants' property. That night, Plaintiff Santana surreptitiously left the grounds, avoiding detection by Defendants Bravo and Gary Schmidt.

### Recruitment and Forced Labor of Jose Arevalo Mendoza

156.   Plaintiff Arevalo was recruited by Defendant Bravo, acting on behalf of Defendant Evergreen Nursery d/b/a McMurray Nursery, to labor at Defendant Evergreen Nursery in 2018.

157.   Defendant Bravo told Plaintiff Arevalo he could help him get a visa to work in the United States. However, Defendant Bravo charged Plaintiff Arevalo a fee for him to be able to even apply for the visa. Defendant Bravo described this fee as necessary for Plaintiff Arevalo to have a "right" to the visa. Plaintiff Arevalo paid Defendant Bravo thousands of Mexican pesos for this "right."

158.   Plaintiff Arevalo completed the 2018 season with Defendant Evergreen Nursery.

159.   Defendant Bravo, on behalf of Defendant Evergreen Nursery, recruited Plaintiff Arevalo again for work with Defendant Evergreen Nursery in the 2019 season. He promised

Plaintiff Arevalo certain hourly wages and travel expenses, to provide adequate housing, and to provide other benefits as part of the employment agreement.

160.     Plaintiff Arevalo entered into an H-2B employment contract with Defendant Evergreen Nursery for the year 2019.

161.     Plaintiff Arevalo entered the United States with an H-2B visa with Defendant Evergreen Nursery on June 7, 2019.

162.     Upon his arrival in June 2019, Defendant Bravo informed Plaintiff Arevalo that he would actually be working for Defendant Schmidt Landscaping.

163.     Plaintiff Arevalo would not have accepted Defendant Evergreen Nursery's offer of employment if he had known he would in reality be working for Defendant Schmidt Landscaping, as he was aware of the Schmidt Landscaping's negative reputation from hearing other workers' stories when they returned to Mexico.

164.     Plaintiff Arevalo was forced to work for Defendant Schmidt Landscaping, which was not the employer named on his H-2B visa.

165.     Plaintiff Arevalo was not reimbursed fully for his pre-employment expenses. He paid or was made to reimburse Defendant Gary Schmidt for travel expenses.

166.     Plaintiff Arevalo experienced the labor conditions outlined in paragraphs 89-119, *supra*.

167.     Plaintiff Arevalo was told by Defendant Bravo that the workers were not allowed to leave the premises of the housing on their own for any reason.

168.     Plaintiff Arevalo was threatened by Defendants Bravo and Gary Schmidt that he would be arrested and/or deported if he tried to leave the housing.

169.    After receiving his first paycheck and realizing he was being severely underpaid, Plaintiff Arevalo contacted Defendant Hauber, owner of Defendant Evergreen Nursery d/b/a McMurray Nursery, to complain about the wage violations, but Defendant Hauber did nothing to address the issue.

170.    In fact, Plaintiff Arevalo's complaint to Defendant Hauber resulted in severe retaliation by Defendant Bravo, who proceeded to threaten Plaintiff Arevalo with deportation, pay reduction, blacklisting, and physical harm in front of his co-workers. Defendant Bravo instructed Plaintiff Arevalo not to discuss work with anyone outside the company.

171.    Defendant Bravo also taunted and humiliated Plaintiff Arevalo in front of his co-workers while at the worker housing. For example, Defendant Bravo forced Plaintiff Arevalo to go outdoors to relieve himself, even though there was an available bathroom in the housing.

172.    Additionally, Defendant Bravo used live electric wires to shock Plaintiff Arevalo while he was sleeping in the housing.

173.    Plaintiff Arevalo was frequently unable to sleep due to his fear that Defendant Bravo would subject him to electric shocks while he was asleep.

174.    Plaintiff Arevalo also experienced acts of physical violence and intimidation by Defendants Gary Schmidt and Bravo.

175.    Early in his employment, Defendant Gary Schmidt intimidated Plaintiff Arevalo by approaching him and grabbing his buttocks.

176.    On one occasion, Defendant Bravo became angry and threw an iron rod at Plaintiff Arevalo while at a worksite, cutting his finger.

177.    During Plaintiff Arevalo's employment, he observed Defendant Bravo intentionally nearly hit Plaintiff Hernandez with a piece of large machinery.

28

178.    Plaintiff Arevalo feared that if he left Schmidt Defendants' employment, Defendants Gary Schmidt and Bravo would prevent him from being able to ever return to the United States on a, H-2B visa.

179.    Plaintiff Arevalo also feared for his physical safety upon his return to Mexico, as he had personal knowledge of Defendant Bravo harassing and threatening workers who had returned to Mexico.

180.    However, given the escalating physical violence against him, Plaintiff Arevalo decided to escape. One night, around mid-June 2019, after being threatened and berated by Defendant Bravo in front of co-workers, Plaintiff Arevalo stayed back at the housing while Defendant Bravo took other workers out to buy food.

181.    Plaintiff Arevalo coordinated for a relative to come pick him up that night and help him flee the Schmidt Defendants' grounds.

182.    Plaintiff Arevalo was able to escape, undetected by Defendants Gary Schmidt and Bravo. He only had his first paycheck from Defendant Schmidt Landscaping to support himself.

183.    After he escaped, Plaintiff Arevalo feared for his safety and that of his family in Mexico. He also feared he would be blacklisted and would not be able to obtain another H-2B visa to return to the United States.

### Re-Recruitment and Forced Labor of Plaintiff Luis Alberto Hernandez

184.    Plaintiff Hernandez completed the duration of the 2019 season with Defendant Schmidt Landscaping.

185.    Due to the conditions described above, he did not intend to accept an offer of H-2B employment from Defendant Schmidt Landscaping in subsequent seasons.

186.    In late 2019, Plaintiff Hernandez received a call in Mexico from an agent about a possible H-2B petitioning employer that he understood to be a different company.

187. Upon information and belief, this agent was acting on behalf of Defendant Landscaping for Le$$.

188. Plaintiff Hernandez worked with the agent to obtain a visa to work for Defendant Landscaping for Le$$ for the 2020 season.

189. Plaintiff Hernandez entered the United States on April 4, 2020, with an H-2B visa specifying employment with Defendant Landscaping for Le$$.

190. Plaintiff Hernandez understood that he would be residing in housing provided by Defendant Landscaping for Le$$ in Canonsburg, Pennsylvania.

191. Upon his arrival in Pennsylvania, Plaintiff Hernandez was picked up at the airport by Defendant Gary Schmidt who informed him that he was giving him a ride to Defendant Landscaping for Le$$.

192. Defendant Gary Schmidt instead took Plaintiff Hernandez to the worker housing for Defendant Schmidt Landscaping.

193. After several days, Plaintiff Hernandez realized he would actually be working for Defendant Schmidt Landscaping.

194. Plaintiff Hernandez would not have accepted the offer of employment from Defendant Landscaping for Le$$'s agent if he had known the employment was with Defendant Schmidt Landscaping, given his past experiences.

195. Plaintiff Hernandez also experienced the labor conditions outlined paragraphs 89-119, *supra*, during the year 2020.

196. On or about May 6, 2020, Defendant Gary Schmidt drove an excavator into Plaintiff Hernandez, hitting him in the shoulder and ribs and throwing him to the ground.

30

197.    Defendant Gary Schmidt did not provide Plaintiff Hernandez with medical assistance.

198.    Plaintiff Hernandez experienced ongoing pain as the result of his injury.

199.    When Plaintiff Hernandez asked Defendant Bravo, in Spanish, to tell Defendant Gary Schmidt, in English, that Plaintiff Hernandez was still experiencing pain several weeks after the injury, Defendants Gary Schmidt and Bravo laughed at Plaintiff Hernandez.

200.    Plaintiff Hernandez became fearful of Defendants Gary Schmidt and Bravo's escalating behavior.

201.    Plaintiff Hernandez believed that if he told Schmidt Defendants he wanted to leave, they would take and retain his passport.

202.    Soon after his injury, Plaintiff Hernandez told an acquaintance about the conditions at Defendant Schmidt Landscaping. Together, they made a plan for Plaintiff Hernandez to escape.

203.    A few weeks after his injury, Plaintiff Hernandez went outside early in the morning and hid in the trees while all the other workers left for the workday. After Defendant Bravo and the other workers had left, the acquaintance picked him up, avoiding detection by Schmidt Defendants.

## CLAIMS FOR RELIEF

**Count I: Trafficking Victims Protection Act –Forced Labor**
**[Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, Alejandro Bravo, Evergreen Nursery, Paul Hauber, Landscaping for Le$$, Adam Beam, Michael Pantely]**

204.    Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

205.     This claim is brought under the Trafficking Victims Protection Act, codified at 18 U.S.C. § 1581, et seq.

206.     Plaintiffs are authorized to bring this civil claim pursuant to the civil remedies provision of 18 U.S.C. § 1595.

207.     Defendants subjected Plaintiffs to forced labor in violation of 18 U.S.C. § 1589 and/or knowingly benefited from participating in a venture which engaged in the forced labor of Plaintiffs, knowingly or in reckless disregard of the fact that the venture engaged in the obtaining of Plaintiff's forced labor, in violation of 18 U.S.C. § 1589(b).

208.     Although Plaintiffs had employment contracts with different Defendants, namely Schmidt Landscaping, Landscaping for Le$$, and Evergreen Nursery, all Plaintiffs were at some point sent to labor at Defendant Schmidt Landscaping after they arrived in the United States, where they were subjected to forced labor.

209.     Defendants knowingly obtained Plaintiffs' labor or services by means of force and/or threats of force in violation of 18 U.S.C. § 1589(a)(1), and/or Defendants knowingly benefited from participation in a venture which engaged in the forced labor of Plaintiffs by such means in violation of 18 U.S.C. § 1589(b).

210.     Defendants knowingly threatened Plaintiffs with serious harm in order to obtain Plaintiffs' labor or services in violation of 18 U.S.C. § 1589(a)(2) and/or knowingly benefited from participation in a venture which engaged in the forced labor of Plaintiffs by such means in violation of 18 U.S.C. § 1589(b).

211.     Defendants knowingly abused and/or threatened to abuse the law or legal process, including the federal immigration enforcement system and the H-2B visa program, in order to obtain Plaintiffs' labor or services in violation of 18 U.S.C. § 1589(a)(3), and/or Defendants

knowingly benefited from participation in a venture which engaged in the forced labor of Plaintiffs by such means in violation of 18 U.S.C. § 1589(b).

212.    Defendants knowingly coerced Plaintiffs to labor, by means of a scheme, plan, or pattern intended to cause the Plaintiffs to believe that, if they did not perform labor or services, they would suffer serious harm or physical restraint, in violation of 18 U.S.C. § 1589(a)(4), and/or Defendants knowingly benefited from participation in a venture which engaged in the forced labor of Plaintiffs by such means in violation of 18 U.S.C. § 1589(b).

213.    Plaintiffs are entitled to compensatory damages and punitive damages, restitution, and attorneys' fees in an amount to be determined at trial and any other relief deemed appropriate.

### Count II: Trafficking Victims Protection Act – Human Trafficking
### [Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, Alejandro Bravo]

214.    Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

215.    This claim is brought under the Trafficking Victims Protection Act, codified at 18 U.S.C. § 1581, et seq.

216.    Plaintiffs are authorized to bring this civil claim pursuant to the civil remedies provision of 18 U.S.C. § 1595.

217.    In violation of 18 U.S.C. § 1590, and in addition to the violations of 18 U.S.C. § 1589 set forth above, Defendants knowingly recruited, transported, harbored, provided, and/or obtained Plaintiffs for the purpose of subjecting them to forced labor and involuntary servitude.

218. Defendants knowingly recruited and obtained Plaintiffs' labor and services and caused them to travel or be transported to Allegheny County, Pennsylvania, for the purpose of subjecting them to forced labor.

219. Defendants harbored Plaintiffs for the purpose of subjecting them to forced labor by housing them at the worker housing located at 66 Clifford Road, McDonald, PA 15057.

220. Plaintiffs are entitled to compensatory damages and punitive damages, restitution, and attorneys' fees in an amount to be determined at trial and any other relief deemed appropriate.

### Count III: Trafficking Victims Protection Act – Unlawful Conduct with Respect to Documents [Defendants Schmidt Landscaping, Gary Schmidt, Alejandro Bravo]

221. Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

222. This claim is brought under the Trafficking Victims Protection Act, codified at 18 U.S.C. § 1581, et seq.

223. Plaintiffs are authorized to bring this civil claim pursuant to the civil remedies provision of 18 U.S.C. § 1595.

224. In violation of 18 U.S.C. § 1592, and in furtherance of the violations of 18 U.S.C. § 1589 and 1590 set forth above, Defendants engaged in unlawful conduct with respect to Plaintiffs' travel documents.

225. Defendants knowingly concealed and/or possessed Plaintiff Hernandez's and Plaintiff Santana's passports while in the course of violating or with the intent to violate 18 U.S.C. § 1589 and § 1590.

34

226.     Plaintiffs are entitled to compensatory damages and punitive damages, restitution, and attorneys' fees in an amount to be determined at trial and any other relief deemed appropriate.

**Count IV: Involuntary Labor Servitude, Pennsylvania Act 105, 18 Pa. C.S. §§ 3011-3012 [Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, Alejandro Bravo, Evergreen Nursery, Paul Hauber, Landscaping for Le$$, Adam Beam, Michael Pantely]**

227.     Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

228.     This claim is brought under Pennsylvania Act 105, codified at 18 Pa. C. S. §§ 3001-3072.

229.     Plaintiffs are authorized to bring this civil claim pursuant to the civil remedies provision of 18 Pa. C.S. § 3051.

230.     Although Plaintiffs were recruited by and had employment contracts with different Entity Defendants—namely Schmidt Landscaping, Landscaping for Le$$, and Evergreen Nursery—all Plaintiffs were at some point sent to labor at Schmidt Landscaping after they arrived in the United States, where they were subjected to involuntary labor servitude.

231.     Defendants recruited Plaintiffs to the United States knowing, or with reckless disregard to, the fact that Plaintiffs would be subjected to involuntary labor servitude, in violation of 18 Pa. C.S. § 3011.

232.     Defendants knowingly subjected Plaintiffs to labor servitude in violation of 18 Pa. C.S. § 3012 and/or knowingly benefited from such labor servitude under 18 Pa. C.S. § 3011(a)(2), by means of:

a.     Causing and/or threatening to cause Plaintiffs and/or their family members serious harm;

35

b.  Abusing and/or threatening to abuse the legal process, including the federal immigration system and the H-2B Program;

c.  Retaining Plaintiffs' real property, specifically their wages, as a means of coercion;

d.  Engaging in unlawful conduct with respect to Plaintiff Santana's and Plaintiff Hernandez's Mexican passports in violation of 18 Pa. C.S. § 3014;

e.  Engaging in fraud, specifically visa fraud. Defendant Schmidt Landscaping fraudulently obtained workers to labor in their service by engaging in unlawful "worker sharing" agreements with Defendants Landscaping for Le$$ and Evergreen Nursery in violation of DOL and DHS regulations; and

f.  Using a scheme, plan or pattern intended to cause Plaintiffs to believe that if they did not perform labor they would suffer serious harm.

233.  Defendants knowingly benefited financially from and received the value of Plaintiffs' trafficking—namely, Plaintiffs' labor and services.

234.  Plaintiffs are entitled under 18 Pa. C.S. § 3051 to actual damages, compensatory damages, and punitive damages in an amount to be determined at trial and any other relief deemed appropriate.

235.  Plaintiffs are entitled under 18 Pa. C.S. § 3051 to treble damages of actual damages because Defendants' acts were willful and malicious.

### Count V: Breach of Contract
### [All Defendants]

236.  Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

237.     As detailed in preceding paragraphs, Defendants entered into a separate contract with each individual Plaintiff for each and every season that each individual Plaintiff was employed by Defendants pursuant to the H-2B Program. Each party's acceptance of these contracts was supported by good and valuable consideration.

238.     The terms of each of these contracts between Defendants and each individual Plaintiff were specified by the ETA-9142 forms described in paragraphs 52-73, *supra,* which incorporated, explicitly and implicitly, the DOL regulations at 20 C.F.R. § 655 Subpart A.

239.     Plaintiffs fulfilled their contractual obligations for each contract by traveling to the United States in order to labor for Defendants.

### Schmidt Defendants

240.     Schmidt Defendants breached the terms of the annual contracts with Plaintiffs by failing to pay contractually established wages for all work performed by Plaintiffs, including overtime premium compensation.

241.     Schmidt Defendants breached the terms of the annual contracts with Plaintiffs by failing to abide by state and federal employment laws concerning wage rates and pay practices.

242.     Schmidt Defendants breached the terms of the annual contracts with Plaintiffs by holding or confiscating Plaintiffs' passports.

243.     Schmidt Defendants breached the terms of the annual contracts with Plaintiffs by failing to keep and provide workers with the required earnings statements on or before each payday.

244.     Schmidt Defendants breached the terms of the annual contracts with Plaintiffs by making deductions from wages not authorized by law and/or not disclosed in the job order.

245.     Schmidt Defendants breached the terms of the annual contracts with Plaintiffs by charging for tools, supplies and/or equipment required to perform the duties assigned.

246.     Schmidt Defendants breached the terms of the annual contracts with Plaintiffs by failing to advance, pay and/or reimburse all visa, visa-related, border crossing, subsistence, and/or transportation expenses, as alleged above.

247.     Schmidt Defendants breached the terms of the annual contracts by allowing Defendant Bravo to seek and/or receive payments from prospective workers.

248.     Schmidt Defendants breached the terms of the annual contracts by intimidating, threatening, restraining, coercing and otherwise discriminating against Plaintiffs for exercising or asserting their employment rights.

249.     Because of Schmidt Defendants' breach of contract with Plaintiffs, Plaintiffs suffered from a loss of expected wages and income.

250.     Plaintiffs are entitled to monetary damages sufficient to place them in the financial position they would have been in but for Schmidt Defendants' breaches.

**Defendants Evergreen Nursery d/b/ McMurray Nursery and Hauber**

251.     Defendants Evergreen Nursery d/b/a McMurray Nursery and Hauber breached the terms of the contract with Plaintiff Arevalo by placing him outside the area of intended employment when they made him work for Defendant Schmidt Landscaping.

252.     Defendants Evergreen Nursery and Hauber breached the terms of the contract by allowing Defendant Bravo to seek and/or receive payments from prospective workers.

253.     Defendants Evergreen Nursery and Hauber breached the terms of the contract with Plaintiff Arevalo by failing to offer work for a total number of work hours equal to at least three-fourths of the workdays of the total employment period.

254. Defendants Evergreen Nursery and Hauber breached the terms of the contract with Plaintiff Arevalo by failing to pay and/or to ensure that he was paid at the promised wage and overtime rates for all hours worked, and failing to reimburse and/or to ensure that he was reimbursed for pre-employment expenses.

255. Because of this breach, Plaintiff Arevalo suffered from a loss of expected wages and income.

256. Because of this breach, Plaintiff Arevalo was subjected to forced labor.

257. Plaintiff Arevalo is entitled to monetary damages sufficient to place him in the financial position he would have been in but for Defendants Evergreen Nursery and Hauber's breach.

### Defendants Landscaping for Le$$, Beam, and Pantely.

258. Defendants Landscaping for Le$$, Beam, and Pantely breached the terms of the contract with Plaintiff Hernandez by placing him outside the area of intended employment when they made him work for Defendant Schmidt Landscaping.

259. Defendants Landscaping for Le$$, Beam, and Pantely breached the terms of the contract with Plaintiff Hernandez by failing to offer work for a total number of work hours equal to at least three-fourths of the workdays of the total employment period.

260. Defendants Landscaping for Le$$, Beam, and Pantely breached the terms of the contract with Plaintiff Hernandez by failing to pay and/or ensure he was paid at the promised wage and overtime rates for all hours worked, and failing to reimburse and/or to ensure that he was reimbursed for pre-employment expenses.

261. Defendants Landscaping for Le$$, Beam, and Pantely breached the terms of the contract with Plaintiff Hernandez by failing to abide by state and federal employment laws concerning wage rates and pay practices.

262. Because of this breach, Plaintiff Hernandez suffered from a loss of expected wages and income.

263. Because of this breach, Plaintiff Hernandez was subjected to forced labor.

264. Plaintiff Hernandez is entitled to monetary damages sufficient to place him in the financial position he would have been in but for Defendants Landscaping for Le$$, Beam, and Pantely's breach.

### Count VI: Fair Labor Standards Act ("FLSA")
### [Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, Alejandro Bravo]

265. Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

266. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which the employee is employed. See 29 U.S.C. § 207(a)(1).

267. Defendants are subject to the wage requirements of the FLSA because each is an "employer" under 29 U.S.C. § 203(d).

268. At all relevant times, each Defendants is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203.

269. During all relevant times, Plaintiffs are covered employees entitled to the aforementioned protections of the FLSA. See 29 U.S.C. § 203(e).

270.    Plaintiffs are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

271.    Defendants knowingly failed to compensate Plaintiffs at a rate of one and one-half (1 ½) times their regular hourly wage for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

272.    Defendants made unlawful deductions from Plaintiffs' wages for tool replacement, boots, and other items as these were benefits which were primarily furnished for the Defendants' own convenience. In some work weeks these unlawful deductions cumulatively brought Plaintiffs' wages below the statutory minimum wage.

273.    Defendants failed to reimburse Plaintiffs within their first week of employment for their plane fare to the United States and the associated visa fees, which were expenses incurred primarily for the benefit of Defendants as employers. Because Defendants failed to do so, Plaintiffs were not paid all wages free and clear during their first week of work, in violation of 29 C.F.R. § 531.35.

274.    Upon information and belief, Defendants also failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

275.    As a result of these violations, Plaintiffs suffered damages.

276.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

277.    Pursuant to 29 U.S.C. § 216(b), employers who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid

wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

278.    Pursuant to the FLSA, Defendants are further liable for the payment of attorneys' fees to Plaintiffs' counsel for pursuit of these claims.

## Count VII: Pennsylvania Minimum Wage Act ("MWA")
### [Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, Alejandro Bravo]

279.    Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

280.    Defendants violated the MWA requirement that covered employees be compensated for every hour worked in a workweek and that they receive a minimum wage of not less than the federal minimum wage. 43 P.S. §§ 333.104(a)-(a.1).

281.    Defendants also violated the MWA requirement that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

282.    Defendants acted intentionally, willfully, and with reckless disregard of clearly applicable MWA provisions.

283.    As a consequence of the Defendants' violations of their rights under the MWA, Plaintiffs are entitled to their unpaid wages, along with attorneys' fees and costs of the court, pursuant to 43 P.S. § 333.113.

## Count VIII: Pennsylvania Wage Payment and Collection Law ("WPCL")
### [Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, Alejandro Bravo]

284.    Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

285.    Defendants violated the WPCL requirement that employers notify employees of the rate of pay at the time of hiring and notify employees of a change in the pay rate prior to the time of the change. 43 P.S. § 260.4.

286.    Defendants violated the WPCL requirement that all wages earned by an employee be timely paid by the employer on a regularly-scheduled payday. 43 P.S. § 260.3(a).

287.    Defendants' deductions from Plaintiffs' wages for items including, but not limited to, travel, pre-employment expenses, equipment, and rent were impermissible deductions under the WPCL at 43 P.S. § 260.3(a), and implementing regulations at 34 Pa. Code § 9.1(11).

288.    Defendants had no good faith reason for withholding any wages owed to Plaintiffs.

289.    The WPCL provides that "[w]here wages remain unpaid for thirty days beyond the regularly scheduled payday, . . . or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest of dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe[e] shall be entitled to claim, in addition [to the wages owed], as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 42 P.S. § 260.10.

290.    As a consequence of Defendants' violations of their rights under the WPCL, Plaintiffs are entitled to claim unpaid wages and liquidated damages of $500 per pay period pursuant to 43 P.S. §§ 260.9a-260.10.

## Count IX: Assault and Battery
### [Defendants Gary Schmidt and Alejandro Bravo]

291.    Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

292.    Defendant Gary Schmidt placed Plaintiff Hernandez in reasonable fear of bodily harm via his actions set forth in paragraphs 196-199, *supra*.

293.    Defendant Gary Schmidt placed Plaintiff Arevalo in reasonable fear of bodily harm via his actions set forth in paragraph 175, *supra*.

294.    Defendant Bravo placed Plaintiff Santana in reasonable fear of bodily harm via his actions set forth in paragraphs 145-146, *supra*.

295.    Defendant Bravo placed Plaintiff Santana in reasonable fear of bodily harm via his actions set forth in paragraphs 151-152, *supra*.

296.    Defendant Bravo placed Plaintiff Arevalo in reasonable fear of bodily harm via his actions set forth in paragraphs 172-173, *supra*.

297.    Defendant Gary Schmidt intentionally touched and harmed Plaintiff Hernandez despite knowing that the said touching was unwanted and that it would cause harm, as set forth in paragraphs 196-199, *supra*.

298.    Defendant Bravo intentionally touched and harmed Plaintiff Santana despite knowing that the said touching was unwanted and that it would cause harm, as set forth in paragraphs 145-146, *supra*.

299.    Defendant Bravo intentionally touched and harmed Plaintiff Santana despite knowing that the said touching was unwanted and that it would cause harm, as set forth in paragraphs 151-152, *supra*.

300.    Defendant Bravo intentionally touched and harmed Plaintiff Arevalo despite knowing that the said touching was unwanted and that it would cause harm, as set forth in paragraphs 172-173, *supra*.

301.    As a direct result of Defendants' actions, Plaintiffs suffered physical and psychological injuries.

302.    Defendants are liable to Plaintiffs for damages, including compensatory and punitive damages.

### Count X: Negligent Hiring, Retention and Supervision
### [Defendants Schmidt Landscaping and Gary Schmidt]

303.    Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

304.    Defendants were aware, or should have been aware, that Defendant Bravo was unfit to supervise employees, including Plaintiffs, at Defendant Schmidt Landscaping.

305.    Defendants knew, or should have known, that Defendant Bravo had a propensity for violence.

306.    Defendants knew, or should have known, that employment at Defendant Schmidt Landscaping might create a situation where violence would harm its employees, including Plaintiffs.

307.    The negligence, carelessness, and recklessness of Defendants includes, but is not limited to:

    a.    Failing to properly screen their employees who were given supervisory authority;

    b.    Failing to maintain proper supervision of their premises and worksites;

    c.    Failing to properly train their employees;

> d.      Failing to implement a reporting system for harassment and misconduct;

> e.      Failing to protect Plaintiffs from the violent and harassing acts of

Defendant Bravo, which Defendants knew or should have known were likely to occur at

their premises, worksites, and employer-provided housing.

> f.      Failing to take corrective action and investigate further in cases of

misconduct, assault, and battery at the workplace.

308.    Defendants knew or should have known that their failure to properly screen

and/or supervise their employees could result in abuses of power and injuries to Plaintiffs.

309.    Despite their knowledge, Defendants acted with reckless indifference to the safety

of others by selecting, hiring, retaining, and failing to supervise Defendant Bravo.

310.    As a direct result of Defendants' negligence, Plaintiffs suffered, and continue to

suffer, emotional distress, humiliation, embarrassment, anxiety, and psychological and emotional

harm, as well as associated physical symptoms.

311.    All of Plaintiffs' losses and damages are due solely to the negligence of

Defendants, without any negligence or want of due care on Plaintiffs' part contributing thereto.

**Count XI: Negligence**
**[Defendant Schmidt Landscaping]**

312.    Defendant Schmidt Landscaping had a duty to ensure its premises were safe for

employees.

313.    Defendant Schmidt Landscaping had a duty to make sure Plaintiffs were safe on

their properties and premises, including at their daily jobsites.

314.    Defendant Schmidt Landscaping breached its duty of care to Plaintiffs when

tortious acts were committed at the workplace by Defendants Gary Schmidt and Bravo against

Plaintiffs for purely personal reasons outside the scope of employment.

46

315.     As a direct and proximate result of Defendants' breach of their duty of care, Plaintiffs suffered damages, including physical and psychological injury.

## Count XII: Unjust Enrichment
### [Defendants Schmidt Landscaping, Gary Schmidt, Therese Schmidt, Alejandro Bravo]

316.     Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

317.     By paying Plaintiffs below the required minimum wage and overtime rate required by law and the wage and overtime rate established by contract for all hours worked, Defendants were unjustly enriched at the expense of and to the detriment of Plaintiffs.

318.     Benefits conferred on Defendants by Plaintiffs include, inter alia, their labor, for which Defendants paid a wage lower than that required by law and by contract.

319.     Defendants received this artificially cheap labor from Plaintiffs, and therefore appreciated the benefit.

320.     This enrichment of Defendants was unjust and violates principles of justice, equity and good conscience.

321.     As a consequence of Defendants' unjust enrichment, Plaintiffs are entitled to the disgorgement of funds equal to the difference between the wages paid by Schmidt Defendants and the actual value of their labor at statutorily required minimum wage and overtime rates.

## Count XIII: Fraud
### [Defendants Evergreen Nursery and Landscaping for Le$$]

322.     Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth herein.

### Evergreen Nursery d/b/a McMurray Nursery

323.   Defendant Evergreen Nursery d/b/a McMurray Nursery represented to Plaintiff Arevalo that he would be working for Defendant Evergreen Nursery in 2019.

324.   Such representation was false in that Plaintiff Arevalo actually worked for Defendant Schmidt Landscaping in 2019.

325.   Such representation was material in that Plaintiff Arevalo would not have accepted Defendant Evergreen Nursery's offer of employment had he known he would be working for Defendant Schmidt Landscaping.

326.    Such representation was made by Defendant Evergreen Nursery with actual knowledge of its falsity, or in reckless disregard of its truth or falsity, as to the actual intent of Defendant Evergreen Nursery.

327.   Such representation was made by Defendant Evergreen Landscaping with the intent of misleading Plaintiff Arevalo into relying on it.

328.   Plaintiff Arevalo's reliance on the material representation of Defendant Evergreen Landscaping was justifiable, in that, inter alia, Plaintiff Arevalo accepted an offer of employment with Defendant Evergreen Nursery, and Evergreen Nursery was named on his H-2B visa.

329.   As a result of the misrepresentation of Defendant Evergreen Nursery, Plaintiff Arevalo has been damaged.

### Defendant Landscaping for Le$$

330.    Defendant Landscaping for Le$$ represented to Plaintiff Hernandez that he would be working for Defendant Landscaping for Le$$.

331.   Such representation was false, in that Plaintiff Hernandez actually worked for Defendant Schmidt Landscaping.

332.    Such representation was material in that Plaintiff Hernandez would not have accepted Defendant Landscaping for Le$$'s offer of employment had he known he would be working for Defendant Schmidt Landscaping.

333.    Such representation was made by Defendant Landscaping for Le$$ with actual knowledge of its falsity, or in reckless disregard of its truth or falsity, as to the actual intent of Defendant Landscaping for Le$$.

334.    Such representation was made by Defendant Landscaping for Le$$ with the intent of misleading Plaintiff Hernandez into relying on it.

335.    Plaintiff Hernandez's reliance on the material representation of Defendant Landscaping for Le$$ was justifiable, in that, inter alia, Plaintiff Hernandez accepted an offer of employment with Defendant Landscaping for Le$$, and Landscaping for Le$$ was named on his H-2B visa.

336.    As a result of the misrepresentation of Defendant Landscaping for Le$$, Plaintiff Hernandez has been damaged.

## Prayer for Relief

WHEREFORE, Plaintiffs seek the following relief:

1.  Award Plaintiffs punitive, compensatory and actual damages for violations of the Trafficking Victims Protection Act, 18 U.S.C. § 1595;

2.  Award Plaintiffs treble damages for violations of Pennsylvania Act 105, 18 Pa. C.S. § 3051 in an amount to be determined at trial;

3.  Award Plaintiffs monetary damages for unpaid wages and unpaid overtime in an amount to be determined at trial, plus liquidated damages in an equal amount and interest, as provided by the FLSA, 29 U.S.C. § 216(b);

4. Award damages to Plaintiffs for unpaid overtime wages, in accordance with the MWA, 43 P.S. § 333.113;

5. Award damages to Plaintiffs for actual and statutory liquidated damages in accordance with the WPCL, 43 P.S. §§ 260.9a-260.10;

6. Award damages to Plaintiffs in accordance with their contract law claims;

7. Award damages to Plaintiffs for assault and battery;

8. Award damages to Plaintiffs for negligent hiring/retention;

9. Award damages to Plaintiffs for negligence;

10. Award damages to Plaintiffs for unjust enrichment;

11. Award damages to Plaintiffs for fraud;

12. Enter declaratory judgment that the Defendants intentionally violated the rights of Plaintiffs and others similarly situated as set forth in the preceding paragraphs;

13. Award attorneys' fees and costs to Plaintiffs; and

14. Award such other relief, as this Court deems just and equitable.


Dated: May 24, 2021


Respectfully submitted,

JUSTICE AT WORK

/s Lerae Kroon

Lerae Kroon (PA 325464)
JUSTICE AT WORK
5907 Penn Avenue Suite 320
Pittsburgh, PA 15206
Telephone: (412) 218-6886
Fax: (412) 361-1731
lkroon@justiceatworklegalaid.org

50

Nina Menniti (PA 326828)
JUSTICE AT WORK
5907 Penn Avenue Suite 320
Pittsburgh, PA 15206
Telephone: (412) 208-6772
Fax: (412) 361-1731
nmenniti@justiceatworklegalaid.org

Mariel Mussack (PA 329155)
JUSTICE AT WORK
990 Spring Garden St.
Philadelphia, PA 19123
Telephone: (215) 733-0878
Fax: (215) 733-0876
mmussack@justiceatworklegalaid.org
**WDPA Admission Pending (Admission Ceremony 6/22/2021)

*Attorneys for Plaintiffs*

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

### H-2B Application for Temporary Employment Certification
### Form ETA-9142B
**U.S. Department of Labor**



---

*Please read and review the filing instructions carefully before completing the Form ETA-9142B. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations, incomplete or obviously inaccurate applications will not be certified by the Department of Labor. If submitting this form non-electronically, __ALL__ required fields/items containing an asterisk ( * ) must be completed as well as any fields/items where a response is conditional as indicated by the section ( § ) symbol.*

---

**A. Employment-Based Nonimmigrant Visa Information**

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol)*: * | H-2B |
|---|---|

**B. Temporary Need Information**

| 1. Job Title * Grounds Maintenance Specialist | | |
|---|---|---|
| **2. SOC (ONET/OES) code *** 37-3011 | **3. SOC (ONET/OES) occupation title *** Landscaping and Groundskeeping Workers | |
| **4. Is this a full-time position? *** ✓ Yes ☐ No | **Period of Intended Employment** | |
| | **5. Begin Date *** 02/12/2018 *(mm/dd/yyyy)* | **6. End Date *** 11/30/2018 *(mm/dd/yyyy)* |

**7.** Worker positions needed/basis for the visa classification supported by this application

| 6 | **Total Worker Positions Being Requested for Certification *** |
|---|---|

Basis for the visa classification supported by this application
(*indicate the total workers in each applicable category based on the total workers identified above*)

| 6 | a. New employment * | 0 | d. New concurrent employment * |
|---|---|---|---|
| 0 | b. Continuation of previously approved employment * without change with the same employer | 0 | e. Change in employer * |
| 0 | c. Change in previously approved employment * | 0 | f. Amended petition * |

| 8. Nature of Temporary Need: (Choose only one of the standards) * |
|---|
| ✓ Seasonal ☐ Peakload ☐ One-Time Occurrence ☐ Intermittent or Other Temporary Need |

9. Statement of Temporary Need *

Schmidt Landscaping Inc is a locally owned Landscaping Contractor whose primary activities are commercial and residential landscape services including any combination of laying sod, mowing lawns, trimming bushes, planting and similar tasks. This is seasonal outdoor work generally performed from spring through the subsequent fall. We have been in business since 2000 and our date of need for H-2B workers is the regularly recurring annual business cycle customary to the landscape industry in our locale.Continued on separate attachment/uploaded.

---

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

### H-2B Application for Temporary Employment Certification
### Form ETA-9142B
### U.S. Department of Labor



---

### C. Employer Information

**Important Note**: Enter the full name of the individual employer, partnership, or corporation and all other required information in this section. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, identify the main or primary employer in the section below and then submit a separate attachment that identifies each employer, by name, mailing address, and total worker positions needed, under the application.

| | |
|---|---|
| **1. Legal business name \*** <br> Schmidt Landscaping Inc | |
| **2. Trade name/Doing Business As (DBA), if applicable** <br> N/A | |
| **3. Address 1 \*** <br> 1521 Millers Run Road | |
| **4. Address 2** <br> N/A | |

| 5. City \* <br> McDonald | 6. State \* <br> PA | 7. Postal code \* <br> 15057 |
|---|---|---|
| **8. Country \*** <br> UNITED STATES OF AMERICA | **9. Province** <br> N/A | |
| **10. Telephone number \*** <br> 724-986-1980 | **11. Extension** <br> N/A | |
| **12. Federal Employer Identification Number (FEIN from IRS) \*** <br> (b) (6) | **13. NAICS code (must be at least 4-digits) \*** <br> 561730 | |
| **14. Number of non-family full-time equivalent employees** <br> N/A | **15. Annual gross revenue** <br> N/A | **16. Year established** <br> 2000 |

**17. Type of employer application (choose only one box below) \***

- ☑ Individual Employer
- ☐ H-2A Labor Contractor or Job Contractor
- ☐ Association – Sole Employer  (H-2A only)
- ☐ Association – Joint Employer  (H-2A only)
- ☐ Association – Filing as Agent  (H-2A only)

---

### D. Employer Point of Contact Information

**Important Note**: The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section must be **different** from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, enter **only** the contact information for the main or primary employer (e.g., contact for an association filing as joint employer) under the application.

| 1. Contact's last (family) name \* <br> Schmidt | 2. First (given) name \* <br> Gary | 3. Middle name(s) \* <br> E. |
|---|---|---|
| **4. Contact's job title \*** <br> Company President | | |
| **5. Address 1 \*** <br> 1521 Millers Run Road | | |
| **6. Address 2** <br> N/A | | |

| 7. City \* <br> McDonald | 8. State \* <br> PA | 9. Postal code \* <br> 15057 |
|---|---|---|
| **10. Country \*** <br> UNITED STATES OF AMERICA | **11. Province** <br> N/A | |

| 12. Telephone number \* <br> 724-986-1980 | 13. Extension <br> N/A | 14. E-Mail address <br> N/A |
|---|---|---|

---

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

### H-2B Application for Temporary Employment Certification
### Form ETA-9142B
### U.S. Department of Labor



---

### E. Attorney or Agent Information (If applicable)

| 1. Is/are the employer(s) represented by an attorney or agent in the filing of this application (including associations acting as agent under the H-2A program)? If "Yes", complete Section E. * | | | ✓ Yes ☐ No |
|---|---|---|---|
| 2. Attorney or Agent's last (family) name § Whitley | 3. First (given) name § Elizabeth | | 4. Middle name(s) § D. |

| 5. Address 1 § |
|---|
| P.O. BOX 507 |

| 6. Address 2 |
|---|
| 400 FRONT STREET |

| 7. City § LOVINGSTON | 8. State § VA | 9. Postal code § 22949 |
|---|---|---|

| 10. Country § UNITED STATES OF AMERICA | 11. Province N/A |
|---|---|

| 12. Telephone number § 434-263-4300 | 13. Extension N/A | 14. E-Mail address JBRUGUIERE@MASLABOR.COM |
|---|---|---|

| 15. Law firm/Business name § MAS LABOR H2B, LLC | 16. Law firm/Business FEIN § (b) (6) |
|---|---|

| 17. State Bar number (only if attorney) § N/A | 18. State of highest court where attorney is in good standing (only if attorney) § N/A |
|---|---|

| 19. Name of the highest court where attorney is in good standing (only if attorney) § |
|---|
| N/A |

---

### F. Job Offer Information

#### a. Job Description

| 1. Job Title * |
|---|
| . Grounds Maintenance Specialist |

| 2. Number of hours of work per week Basic *: 40    Overtime: N/A | 3. Hourly Work Schedule * A.M. (h:mm): 7 : 00    P.M. (h:mm): 3 : 30 |
|---|---|

| 4. Does this position supervise the work of other employees? * ☐ Yes ✓ No | 4a. If yes, number of employees worker will supervise (if applicable) § N/A |
|---|---|

| 5. Job duties -- A description of the duties to be performed MUST begin in this space. If necessary, add attachment to continue and complete description. * |
|---|
| Landscape or maintain grounds of property using hand or power tools or equipment. Workers must be able to perform a variety of tasks without close supervision, which may include any combination of the following: sod laying, grading, seeding, mowing, trimming, planting, watering, fertilizing, digging, raking and assist with sprinkler installation and installation of mortarless segmental concrete masonry wall units. Must exercise independent judgment; may be asked to demonstrate tasks to other employees but position does not include supervision of other workers. |

---

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

### H-2B Application for Temporary Employment Certification
### Form ETA-9142B
### U.S. Department of Labor



---

## F. Job Offer Information *(continued)*

### b. Minimum Job Requirements

| 1. Education: minimum U.S. diploma/degree required * |
|---|
| ☑None ☐High School/GED ☐Associate's ☐Bachelor's ☐Master's ☐Doctorate (PhD) ☐Other degree (JD, MD, etc.) |

| 1a. If "Other degree" in question 1, specify the diploma/degree required § | 1b. Indicate the major(s) and/or field(s) of study required § (May list more than one related major and more than one field) |
|---|---|
| N/A | N/A |

| 2. Does the employer require a second U.S. diploma/degree? * | | Yes | ✓ No |
|---|---|---|---|

| 2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required § |
|---|
| N/A |

| 3. Is training for the job opportunity required? * | | Yes | ✓ No |
|---|---|---|---|

| 3a. If "Yes" in question 3, specify the number of <u>months</u> of training required § | 3b. Indicate the field(s)/name(s) of training required § (May list more than one related field and more than one type) |
|---|---|
| N/A | N/A |

| 4. Is employment experience required? * | ✓ Yes | No |
|---|---|---|

| 4a. If "Yes" in question 4, specify the number of <u>months</u> of experience required § | 4b. Indicate the occupation required § |
|---|---|
| 3 | Three months of previous landscape experience required. |

| 5. Special Requirements – List specific skills, licenses/certifications, and requirements of the job opportunity. * |
|---|
| Must lift/carry 50 lbs., when necessary. Saturday and Sunday work required, when necessary. |

### c. Place of Employment Information

| 1. Worksite address 1 * |
|---|
| 1521 Millers Run Road |

| 2. Address 2 |
|---|
| N/A |

| 3. City * | 4. County * |
|---|---|
| McDonald | Washington |

| 5. State/District/Territory * | 6. Postal code * |
|---|---|
| PA | 15057 |

| 7. Will work be performed in multiple worksites within an area of intended employment or a location(s) other than the address listed above? * | ✓Yes ☐No |
|---|---|

| 7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible. If necessary, submit an attachment to <u>continue and complete</u> a listing of all anticipated worksites. § |
|---|
| SEE ADDENDUM FOR ADDITIONAL WORKSITE FOR PLACE OF EMPLOYMENT<br><br>1. State: Pennsylvania    Area Based On: County/Township    Area: Allegheny – Pittsburgh, Pa Msa<br>Start Date of Work: N/A    End Date of Work: N/A<br>Number of H-2B Workers Requested: N/A    Wage Rate: N/A    Unit of Pay: N/A<br>Additional Worksite Information: N/A |

---

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

### H-2B Application for Temporary Employment Certification
### Form ETA-9142B
### U.S. Department of Labor



---

**G. Rate of Pay**

| 1. Basic Rate of Pay Offered * | 1a. Overtime Rate of Pay *(if applicable)* § |
|---|---|
| From: $ 13 . 59    To (Optional): $ N/A . N/A | From: $ 20 . 39    To (Optional): $ N/A . N/A |

2. Per: (Choose only one) *
☑ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☐ Year ☐ Piece Rate

2a. If Piece Rate is indicated in question 2, specify the wage offer requirements: §
N/A

3. Additional Wage Information (e.g., multiple worksite applications, itinerant work, or other special procedures).
   If necessary, add attachment to continue and complete description. §

SEE ADDENDUM

Raises and/or bonuses may be offered to any worker in the specified occupation, at the company's sole
discretion, based on individual factors including work performance, skill, and tenure.Employer provides incidental
transportation between worksites as

---

**H. Recruitment Information**

1. Name of State Workforce Agency (SWA) serving the area of intended employment *
N/A

| 2. SWA job order identification number * | 2a. Start date of SWA job order * | 2b. End date of SWA job order * (In H-2A this date is 50% of contract period) |
|---|---|---|
| N/A | N/A | N/A |

| 3. Is there a Sunday edition of a newspaper (of general circulation) in the area of intended employment? * | ☐ Yes ☐ No |
|---|---|

| Name of Newspaper/Publication *(in area of intended employment for H-2B only)* * | Dates of Print Advertisement § | |
|---|---|---|
| 4. N/A | From: N/A | To: N/A |
| 5. N/A | From: N/A | To: N/A |

6. Additional Recruitment Activities for H-2B program. Use the space below to identify the type(s) or source(s) of recruitment,
   geographic location(s) of recruitment, and the date(s) on which recruitment was conducted. If necessary, add attachment
   to continue and complete description. *

N/A

---

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

## H-2B Application for Temporary Employment Certification
### Form ETA-9142B
### U.S. Department of Labor



### I. Declaration of Employer and Attorney/Agent

In accordance with Federal regulations, the employer must attest that it will abide by certain terms, assurances and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor. Applications that fail to attach Appendix A or Appendix B will be considered incomplete and not accepted for processing by the ETA application processing center.

| | |
|---|---|
| 1. For H-2A Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix A.** § | Yes ☐  No ☐  N/A ☐ |
| 2. For H-2B Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix B.** § | ✓ Yes  No ☐  N/A ☐ |

### J. Preparer

Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1. Last (family) name § | 2. First (given) name § | 3. Middle initial § |
|---|---|---|
| N/A | N/A | N/A |
| 4. Job Title § | | |
| N/A | | |
| 5. Firm/Business name § | | |
| N/A | | |
| 6. E-Mail address § | | |
| N/A | | |

### K. U.S. Government Agency Use (ONLY)

Pursuant to the provisions of Section 101 (a)(15)(h)(ii) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed. By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from _____02/12/2018_____ to _____11/30/2018_____.

*Certifying Officer*

Department of Labor, Office of Foreign Labor Certification

12/12/2017
Determination Date (date signed)

H-400-17283-158821

Case number

CERTIFIED
Case Status

### L. Public Burden Statement *(1205-0509)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 1 hour to complete the form, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Please send comments regarding this burden estimate or any other aspect of this information collection to the Office of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW, * Washington, DC * 20210. **Please do not send the completed application to this address.**

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

H-2B Application for Temporary Employment Certification
Form ETA-9142B

**U.S. Department of Labor**



## ADDENDUM

ADDENDUM SECTION F.c.7: Additional Worksites

2. State: Pennsylvania    Area Based On: County/Township    Area: Washington – Pittsburgh, Pa Msa
Start Date of Work: N/A    End Date of Work: N/A
Number of H-2B Workers Requested: N/A    Wage Rate: N/A    Unit of Pay: N/A
Additional Worksite Information: N/A

---

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

## H-2B Application for Temporary Employment Certification
### Form ETA-9142B
### U.S. Department of Labor



## ADDENDUM

ADDENDUM SECTION G.3: Additional Notes Regarding Wage Information

necessary.

# Job Posting: Review

## Basic Details

**APPROVAL STATUS**
Pending

**JOB POSTING STATUS**
New

**JOB POSTING NUMBER**
11554754

**POSTING DATE**
11/14/2017 8:58:36 AM

**JOB TITLE**
Grounds Maintenance Specialist

**JOB SUMMARY**

Grounds Maintenance Specialist. 6 temporary/full-time positions with Schmidt Landscaping Inc from 2/12/2018 - 11/30/2018. Landscape or maintain grounds of property using hand or power tools or equipment. Workers must be able to perform a variety of tasks without close supervision, which may include any combination of the following: sod laying, grading, seeding, mowing, trimming, planting, watering, fertilizing, digging, raking and assist with sprinkler installation and installation of mortarless segmental concrete masonry wall units. Must exercise independent judgment; may be asked to demonstrate tasks to other employees but position does not include supervision of other workers. Must lift/carry 50 lbs., when necessary. Saturday and Sunday work required, when necessary. Three months of previous landscape experience required.

The employer will pay in advance or reimburse H-2B workers in the first workweek for all visa, visa processing, border crossing, and other related fees, including those mandated by the government (excluding passport fees). For workers outside reasonable commuting distances, inbound transportation (including meals and, to the extent necessary, lodging) to the place of employment will be reimbursed, if the worker completes half of the employment period ("50% period"), if not already paid in full prior to the 50% period. Return transportation and subsistence will be provided or paid for to same worker if the worker completes the employment period or is dismissed early by the employer except where the worker has employment with a subsequent employer. Transportation payments or reimbursements will be equal to the most economical and reasonable common carrier for the distances

involved. Daily meals will be provided at a rate of at least $12.07 per day of travel or the current minimum subsistence amount published in the Federal Register, to a maximum of $51.00 per day or the current maximum amount published in the Federal Register to workers with acceptable receipts.

The employer guarantees to offer work for a total number of work hours equal to at least three-fourths of the workdays in each 12-week period of the total employment period, beginning with the first work day after the arrival of the worker at the place of employment and ending on the expiration date specified in this job order or its extension, if any. The employer may include all hours actually worked as well as any hours offered consistent with the job order that a worker chooses to not work, up to the maximum number of daily hours on the job order.

If worker separation is due to voluntary abandonment, the employer will not be responsible for providing or paying return transportation and subsistence expenses of the worker and the worker is not entitled to the full three-quarter period guarantee described above.

Employer will provide without charge all tools, supplies and equipment necessary to perform duties assigned. If needed, employer will assist in arranging worker-paid lodging for foreign and non-local U.S. workers hired pursuant to this job order

**JOB LOCATION: 1521 Millers Run Road McDonald, PA 15057 and multiple worksites within Allegheny and Washington counties.**

Daily transportation to and from the worksite from a centralized designated pick-up place will be offered to workers at no charge. The use of this transportation is voluntary. Employer provides incidental transport between job sites.

**WAGE INFORMATION: Rate: no less than $13.59 per Hour; Overtime: $20.39 per Hour (overtime hours vary)**

Raises and/or bonuses may be offered to any worker in the specified occupation, at the company's sole discretion, based on individual factors including work performance, skill, and tenure. A single workweek will be used to compute wages due. The payroll period is weekly. Workers are paid by check on Friday. The standard work schedule is from 7:00 AM until 3:30 PM, Monday through Friday. Employer will offer 40 hours per week. The worker may be offered more than the stated hours per day, depending on weather and other conditions. Extreme heat, cold, rain, or drought may affect exact working hours.

The employer will make all deductions from worker's paycheck required by law. The employer does not envision other workforce-wide payroll deductions. Potential elective deductions to be pre-authorized in writing if applicable are as follows: The employer will deduct for the reasonable fair market value cost of rent and/or utilities based on number of occupants for those employees who voluntarily elect to live in employer-offered housing.

**REFERRAL INSTRUCTIONS: State Workforce Agencies (SWAs) may only refer for employment individuals who have been apprised of all the material terms and conditions of employment and who are qualified and will be available for employment. The actual employment offer is at the sole discretion of the employer. Referrals will be accepted from the SWAs, directly from applicants, or from other sources. Applicants must possess documentation required to enable the employer to comply with the employment verification requirements of IRCA.**

To apply, fax resume to Schmidt Landscaping Inc at (724) 356-1959 or apply at the job order holding office shown below. It will be the responsibility of the referring SWA office to inform job seekers of the terms and conditions of this job order.

**SWA Job Order Holding Office:**

PA CareerLink - Washington County
90 West Chestnut St., Ste 150 LL Washington PA 15301
Phone: (724) 223-4500

**JOB TITLE (OTHER THAN ENGLISH)**

**JOB SUMMARY (OTHER THAN ENGLISH)**

**IS THIS FOREIGN LABOR CERTIFICATION JOB POSTING ?**
Yes

**FOREIGN LABOR CERTIFICATION TYPE**
H2B

**FOREIGN LABOR CERTIFICATION START DATE**

**FOREIGN LABOR CERTIFICATION END DATE**

**H2A/H2B CLOSING DATE**

**FEDERAL CONTRACTOR JOB LISTING (FCJL) JOB POSTING**
No

**IS COMPANY UNDER AFFIRMATIVE ACTION RULING**
No

**EXPERIENCE**
3 Months

**LICENSE TYPE**
None

**STATE**

**ENDORSEMENTS**

**EDUCATION LEVEL**

Case 2:21-cv-00597-RJC Document 1-21 Filed 05/3/21 Page 63 of 125

No formal schooling

**ASSIGNED STAFF**

---

## Job Site Details                                         EDIT

**ADDRESS LINE 1**
1521 MILLERS RUN RD

**ADDRESS LINE 2**

**CITY**
MC DONALD

**STATE**
Pennsylvania

**ZIP CODE**
15057

**COUNTY**
Washington

**WORK SHIFT**
Day, Weekend

**JOB TYPE**
Temporary/Seasonal

**INTERNSHIP TYPE**

**HOURS PER WEEK**
40.00

**MINIMUM SALARY**
13.59

**MAXIMUM SALARY**

Case 2:21-cv-00597-RJC Document 121 Filed 09/13/21 Page 64 of 125

**SALARY PER**

Hour

**COMMISSION**

**DISPLAY SALARY TO INDIVIDUALS**

Yes

**NUMBER OF OPENINGS**

6

**HOW MANY APPLICATIONS DO YOU WANT TO REVIEW?**

50

**ACTUAL NUMBER OF JOB REFERRALS**

**IS THIS JOB OPENING CONSIDERED TO BE A 'GREEN JOB'?**

No

---

## Contact Details                                                          EDIT

**POINT OF CONTACT**

Schmidt, Gary

**DO YOU REQUIRE AN APPLICATION TO BE SUBMITTED ON YOUR WEBSITE?**

No

**WOULD YOU LIKE PA CAREERLINK® STAFF ASSISTANCE FOR THIS JOB POSTING?**

Unassisted

**WOULD YOU LIKE TO DISPLAY YOUR COMPANY NAME?**

Yes

**FOLLOW-UP INSTRUCTIONS**

Forward Résumé by Fax to Primary Contact
Follow Special Instructions: Do not close this job order; it must remain open until 21 days prior to the employment start date.

## Occupation Matching
[EDIT]

| Occupation Title | Minimum Required Experience | Certification Needed? | Primary Occupation | Skills Entered |
|---|---|---|---|---|
| Landscaping and Groundskeeping Workers | 3 Months | No | Yes | No |
| Grounds Maintenance Workers, All Other | 3 Months | No | No | No |

## Matching Options
[ADD MATCHING OPTION]

## Screening Questionnaire
[ADD QUESTIONNAIRE]

[PRINTER FRIENDLY VERSION]

[Close]

Case 2:21-cv-00597-RJC Document 121 Filed 09/13/21 Page 66 of 125

Created On: 11/14/2017 8:58:36 AM
Created By: EMPLOYER
Last Updated On: 11/14/2017 10:13:10 AM
Updated By: EMPLOYER

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
### U.S. Department of Labor



**Please read and review the filing instructions carefully before completing the** ETA Form 9142B. **A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations, incomplete or obviously inaccurate applications will not be certified by the Department of Labor. If submitting this form non-electronically, ALL required fields/items containing an asterisk ( * ) must be completed as well as any fields/items where a response is conditional as indicated by the section( § ) symbol.**

---

## A. Employment-Based Nonimmigrant Visa Information

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol)*: * | H-2B |
|---|---|

---

## B. Temporary Need Information

| 1. Job Title * Grounds Maintenance Specialist |||
|---|---|---|

| 2. SOC (ONET/OES) code * 37-3011 | 3. SOC (ONET/OES) occupation title * Landscaping and Groundskeeping Workers ||

| 4. Is this a full-time position? * | Period of Intended Employment ||
|---|---|---|
| ☑ Yes ☐ No | 5. Begin Date * 4/1/2019 *(mm/dd/yyyy)* | 6. End Date * 11/30/2019 *(mm/dd/yyyy)* |

**7. Worker positions needed/basis for the visa classification supported by this application**

| 6 | **Total Worker Positions Being Requested for Certification *** |

Basis for the visa classification supported by this application
*(indicate the total workers in each applicable category based on the total workers identified above)*

| 6 | a. New employment * | 0 | d. New concurrent employment * |
|---|---|---|---|
| 0 | b. Continuation of previously approved employment * without change with the same employer | 0 | e. Change in employer * |
| 0 | c. Change in previously approved employment * | 0 | f. Amended petition * |

**8. Nature of Temporary Need: (Choose only one of the standards) ***

☑ Seasonal    ☐ Peakload    ☐ One-Time Occurrence    ☐ Intermittent or Other Temporary Need

**9. Statement of Temporary Need ***
H-2B Detailed Statement of Temporary Need
Schmidt Landscaping Inc
4/1/2019 - 11/30/2019
Grounds Maintenance Specialist / 37-3011
Temporary Need Standard: Seasonal
6 positions

Introduction
Schmidt Landscaping Inc is a locally owned Landscaping Contractor whose primary activities are commercial and residential landscape services including any combination of laying sod, mowing lawns, trimming bushes, planting and similar tasks. This is seasonal outdoor work generally performed from spring through the subsequent fall. We have been in business since 2000 and our date of need for H-2B workers is the regularly recurring annual business cycle customary to the landscape industry in our locale. Continued on separate attachment/uploaded.

---

ETA Form 9142B                    **FOR DEPARTMENT OF LABOR USE ONLY**    Page 1 of 7

Case Number: H-400-18341-897834    Case Status: Full Certification    Validity Period: 4/1/2019    to 11/30/2019

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
**U.S. Department of Labor**



---

**C. Employer Information**

**Important Note**: Enter the full name of the individual employer, partnership, or corporation and all other required information in this section. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, identify the main or primary employer in the section below and then submit a separate attachment that identifies each employer, <u>by name, mailing address, and total worker positions needed</u>, under the application.

| 1. Legal business name *  
Schmidt Landscaping Inc | | |
|---|---|---|
| 2. Trade name/Doing Business As (DBA), if applicable | | |
| 3. Address 1 *  
1521 Millers Run Road | | |
| 4. Address 2 | | |
| 5. City *  
McDonald | 6. State *  
Pennsylvania | 7. Postal code *  
15057 |
| 8. Country *  
United States Of America | 9. Province | |
| 10. Telephone number *  
724-986-1980 | 11. Extension | |
| 12. Federal Employer Identification Number (FEIN from IRS) *  
(b) (6) | 13. NAICS code (must be at least 4-digits) *  
561730 | |
| 14. Number of non-family full-time equivalent employees | 15. Annual gross revenue | 16. Year established  
2000 |

17. Type of employer application (choose only one box below) *

☑ Individual Employer       ☐ Association – Sole Employer  (H-2A only)
☐ H-2A Labor Contractor or       ☐ Association – Joint Employer  (H-2A only)
    Job Contractor       ☐ Association – Filing as Agent  (H-2A only)

---

**D. Employer Point of Contact Information**

**Important Note**: The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section <u>must be different</u> from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, enter <u>only</u> the contact information for the main or primary employer (e.g., contact for an association filing as joint employer) under the application.

| 1. Contact's last (family) name *  
Schmidt | 2. First (given) name  
Gary | 3. Middle name(s)  
E. |
|---|---|---|
| 4. Contact's job title *  
Company President | | |
| 5. Address 1 *  
1521 Millers Run Road | | |
| 6. Address 2 | | |
| 7. City *  
McDonald | 8. State *  
Pennsylvania | 9. Postal code *  
15057 |
| 10. Country *  
United States Of America | 11. Province | |
| 12. Telephone number *  
724-986-1980 | 13. Extension | 14. E-Mail address |

---

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
### U.S. Department of Labor



---

**E. Attorney or Agent Information (If applicable)**

| 1. Is/are the employer(s) represented by an attorney or agent in the filing of this application (including associations acting as agent under the H-2A program)? If "Yes", complete Section E. * | ☑ Yes | ☐ No |
|---|---|---|

| 2. Attorney or Agent's last (family) name § | 3. First (given) name § | 4. Middle name |
|---|---|---|
| KIRCHNER | MEAGAN | A. |

| 5. Address 1 § |
|---|
| 400 FRONT STREET |

| 6. Address 2 |
|---|
| P.O. BOX 507 |

| 7. City § | 8. State | 9. Postal code § |
|---|---|---|
| Lovingston | Virginia | 22949 |

| 10. Country § | 11. Province |
|---|---|
| United States Of America | |

| 12. Telephone number § | 13. Extension | 14. E-Mail address |
|---|---|---|
| 434-263-4300 | | masH2B6540@maslabor.com |

| 15. Law firm/Business name § | 16. Law firm/Business FEIN § |
|---|---|
| MAS Labor H2B, LLC | (b) (6) |

| 17. State Bar number (only if attorney) § | 18. State of highest court where attorney is in good standing (only if attorney) § |
|---|---|
| | |

| 19. Name of the highest court where attorney is in good standing (only if attorney) § |
|---|
| |

---

**F. Job Offer Information**

**a. Job Description**

| 1. Job Title * |
|---|
| Grounds Maintenance Specialist |

| 2. Number of hours of work per week | 3. Hourly Work Schedule * |
|---|---|
| Basic *: 40    Overtime: | A.M. (h:mm): 07 : 30    P.M. (h:mm): 04 : 00 |

| 4. Does this position supervise the work of other employees? * ☐ Yes ☑ No | 4a. If yes, number of employees worker will supervise (if applicable) § _____ |
|---|---|

| 5. Job duties – A description of the duties to be performed **MUST** begin in this space. If necessary, add attachment to <u>continue and complete</u> description. * |
|---|
| Landscape or maintain grounds of property using hand or power tools or equipment. Workers must be able to perform a variety of tasks without close supervision, which may include any combination of the following: sod laying, grading, seeding, mowing, trimming, planting, watering, fertilizing, digging, raking and assist with sprinkler installation and installation of mortarless segmental concrete masonry wall units. Must exercise independent judgment; may be asked to demonstrate tasks to other employees but position does not include supervision of other workers. |

---

ETA Form 9142B                    **FOR DEPARTMENT OF LABOR USE ONLY**          Page 3 of 7

Case Number: H-400-18341-897834    Case Status: Full Certification    Validity Period: 4/1/2019 to 11/30/2019

*OMB Approval:* 1205-0509
*Expiration Date:* 1/31/2019

H-2B Application for Temporary Employment Certification
ETA Form 9142B
**U.S. Department of Labor**



---

**F. Job Offer Information** *(continued)*

**b. Minimum Job Requirements**

1. Education: minimum U.S. diploma/degree required *

☑None ☐ High School/GED ☐ Associate's ☐ Bachelor's ☐ Master's ☐ Doctorate (PhD) ☐ Other degree (JD, MD, etc.)

| 1a. If "Other degree" in question 1, specify the diploma/ degree required § | 1b. Indicate the major(s) and/or field(s) of study required § (May list more than one related major and more than one field) |
|---|---|
| | |

| 2. Does the employer require a second U.S. diploma/degree? * | ☐ Yes | ☑ No |
|---|---|---|

2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required §

| 3. Is training for the job opportunity required? * | ☐ Yes | ☑ No |
|---|---|---|

| 3a. If "Yes" in question 3, specify the number of <u>months</u> of training required § | 3b. Indicate the field(s)/name(s) of training required § (May list more than one related field and more than one type) |
|---|---|
| | |

| 4. Is employment experience required? * | ☑ Yes | ☐ No |
|---|---|---|

| 4a. If "Yes" in question 4, specify the number of <u>months</u> of experience required § <br> 3 | 4b. Indicate the occupation required § <br><br> Requires three months of previous landscape experience. |
|---|---|

5. Special Requirements - List specific skills, licenses/certifications, and requirements of the job opportunity. *
Must lift/carry 50 lbs., when necessary. Saturday and Sunday work required, when necessary.

---

**c. Place of Employment Information**

1. Worksite address 1 *
1521 Millers Run Road

2. Address 2

| 3. City * <br> McDonald | 4. County * <br> Washington |
|---|---|
| 5. State/District/Territory * <br> Pennsylvania | 6. Postal code * <br> 15057 |

| 7. Will work be performed in multiple worksites within an area of intended employment or at location(s) other than the address listed above? * | ☑ Yes ☐ No |
|---|---|

7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible. If necessary, submit an attachment to <u>continue and complete</u> a listing of all anticipated worksites. §
Please See Addendum

---

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

## H-2B Application for Temporary Employment Certification
### ETA Form 9142B
### U.S. Department of Labor



---

**G. Rate of Pay**

| 1. Basic Rate of Pay Offered * | 1a. Overtime Rate of Pay *(if applicable)* § |
|---|---|
| From: $ 13 . 77    To (Optional): $ _____ . ____ | From: $ 20 . 66    To (Optional): $ _____ . ____ |

2. Per: (Choose only one) *
☑ Hour  ☐ Week  ☐ Bi-Weekly  ☐ Month  ☐ Year  ☐ Piece Rate

2a. If Piece Rate is indicated in question 2, specify the wage offer requirements: §

3. Additional Wage Information (e.g., multiple worksite applications, itinerant work, or other special procedures). If necessary, add attachment to <u>continue and complete</u> description. *§*
Employer provides incidental transportation between worksites as necessary.

---

**H. Recruitment Information**

1. Name of State Workforce Agency (SWA) serving the area of intended employment *

| 2. SWA job order identification number | 2a. Start date of SWA job order * | 2b. End date of SWA job order * |
|---|---|---|
|  |  |  |

| 3. Is there a Sunday edition of a newspaper (of general circulation) in the area of intended employment? * | ☐ Yes | ☑ No |
|---|---|---|

| Name of Newspaper/Publication *(in area of intended employment for H-2B only)* * | Dates of Print Advertisement § | |
|---|---|---|
| 4. | From: | To: |
| 5. | From: | To: |

6. Referral and Hiring Information: Enter at least two verifiable methods by which prospective U.S. workers can contact the employer and apply for the job opportunity.

| a. Telephone Number to Apply * | b. Email Address to Apply * |
|---|---|
| 724-356-1959 | gtschmidt@comcast.net |

c. Website address (URL) to Apply *

N/A

---

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

## H-2B Application for Temporary Employment Certification
### ETA Form 9142B
**U.S. Department of Labor**



### I. Declaration of Employer and Attorney/Agent

In accordance with Federal regulations, the employer must attest that it will abide by certain terms, assurances and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor. Applications that fail to attach Appendix A or Appendix B will be considered incomplete and not accepted for processing by the ETA application processing center.

| | | |
|---|---|---|
| 1. For H-2A Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix A.** § | ☐ Yes ☐ No ☐ N/A | |
| 2. For H-2B Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix B.** § | ☑ Yes ☐ No ☐ N/A | |

### J. Preparer

Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1. Last (family) name § | 2. First (given) name § | 3. Middle name |
|---|---|---|
| Bruguiere | Jodie | |

| 4. Job Title § |
|---|
| Senior Case Manager |

| 5. Firm/Business name § |
|---|
| MAS Labor H2B, LLC |

| 6. E-Mail address § |
|---|
| masH2B6540@maslabor.com |

### K. U.S. Government Agency Use (ONLY)

Pursuant to the provisions of Section 101 (a)(15)(h)(ii) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed. By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from  4/1/2019                     to  11/30/2019               .

*Certifying Officer*

_____          1/30/2019 1:54 PM EST
Department of Labor, Office of Foreign Labor Certification          Determination Date (date signed)

H-400-18341-897834                                        Full Certification
Case number                                              Case Status

**Public Burden Statement** 1205-0509

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 1.5 hours to complete the form and 25 minutes per response for all other H-2B information collection requirements, including he time for reviewing instructions, searching existing data sources, gathering and maintaining he data needed, and completing and reviewing the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.).

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
**U.S. Department of Labor**



---

**ADDENDUM**
ADDENDUM SECTION F.c.7a.: Additional Worksites

2. State: Pennsylvania    Area Based On: County/Township    Area: ALLEGHENY
Start Date of Work: N/A    End Date of Work: N/A
Number of H2B Workers Requested: N/A    Wage Rate: N/A    Unit of Pay: N/A
Additional Worksites Information: N/A
_____

3. State: Pennsylvania    Area Based On: County/Township    Area: WASHINGTON
Start Date of Work: N/A    End Date of Work: N/A
Number of H2B Workers Requested: N/A    Wage Rate: N/A    Unit of Pay: N/A
Additional Worksites Information: N/A
_____

---

ETA Form 9142B    **FOR DEPARTMENT OF LABOR USE ONLY**

Case Number: H-400-18341-897834    Case Status: Full Certification    Validity Period: 4/1/2019    to 11/30/2019

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

**H-2B Application for Temporary Employment Certification**

Form ETA-9142B – APPENDIX B
U.S. Department of Labor



## For Use in Filing Applications Under the H-2B Non-Agricultural Program ONLY[1]

### A. Attorney or Agent Declaration

*I hereby declare under penalty of perjury that I am an attorney for the employer, or that I am an employee of, or hired by, the employer listed in Section C of the Form ETA-9142B, and that I have been designated by that employer in accordance with 20 CFR 655.8 to act on its behalf in connection with this application, as evidenced by the attached agency agreement. I also certify that to the best of my knowledge the information contained herein is true and accurate, including the employer's declaration regarding activities I have undertaken on the employer's behalf in connection with this application. I understand that to knowingly furnish false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in a Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Attorney or Agent's last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Kirchner | Meagan | A. |
| 4. Firm/Business name  MAS Labor H2B, LLC | | |
| 5. E-Mail address     masH2B6540@maslabor.com | | |
| 6. Signature | | 7. Date signed |
|  | | 01/01/2019 |

### B. Employer Declaration

*By virtue of my signature below, I HEREBY CERTIFY my knowledge of and compliance with the following conditions of employment applicable to H-2B workers and/or U.S. workers who are hired during the recruitment period for positions covered by this application, including any approved extension thereof:*

1. The job opportunity is a bona fide, full-time temporary position (of at least 35 hours per workweek), the qualifications and requirements for which are consistent with the normal and accepted qualifications and requirements imposed by non-H-2B employers in the same or comparable occupations and area of intended employment. The employer has listed all qualifications and requirements in the job order.

2. There is no strike or lockout at any of the employer's worksites within the area of intended employment for which the employer is requesting an H-2B certification.

3. The job opportunity was/is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, disability, or citizenship. U.S. workers who apply for the job will be rejected only for lawful, job-related reasons, and the employer will retain records of all rejections.

4. The employer has not/will not offer terms, wages, and working conditions to U.S workers that are less favorable than those offered or will be offered to H-2B workers or impose restrictions or obligations on U.S. workers that are not imposed on H-2B workers. This does not relieve the employer from providing H-2B workers with at least the minimum benefits, wages, and working conditions that must be offered to U.S. workers under 20 CFR 655.18, except for those required by 20 CFR 655.18(b)(17).

5. The offered wage equals or exceeds the highest of the most recent prevailing wage for the occupation that is or will be issued by the Department to the employer for the time period the work is performed, or the applicable Federal, State, or local minimum wage, and the employer will pay at least the offered wage, free and clear, either in cash or in a negotiable instrument payable at par, during the entire period of this application. The employer guarantees to supplement a piece rate wage if at the end of the workweek, the piece rate does not result in average hourly piece rate earnings during the workweek at least equal to the offered wage.

---

[1] The Department of Labor Appropriations Act, 2016, Division H, Title I of Public Law 114-113 ("2016 DOL Appropriations Act"), provides that the Department of Labor ("Department") may not use any funds to enforce the definition of corresponding employment found in 20 CFR 655.5 or the three-fourths guarantee rule definition found in 20 CFR 655.20, or any reference thereto. See Sec. 113. Therefore, in order to comply with the 2016 DOL Appropriations Act, the Department has removed references to these provisions from the Form ETA-9142B – Appendix B. However, the 2016 DOL Appropriations Act did not vacate these regulatory provisions, and they remain in effect, thus imposing a legal duty on H-2B employers, even though the Department will not use any Fiscal Year 2016 funds to enforce them.

Case Number: _____     Case Status: _____     Period of Employment: _____ to _____

OMB Approval : 1205-0509
Expiration Date : 12/31/2018

## H-2B Application for Temporary Employment Certification

### Form ETA - 9142B – APPENDIX B

U.S. Department of Labor

6. The offered wage is not based on commissions, bonuses or other incentives, unless the employer guarantees a wage earned every workweek that equals or exceeds the offered wage.

7. During the period of employment that is the subject of this application, the employer will comply with applicable Federal, State and local employment-related laws and regulations, including, but not limited to, employment-related health and safety laws, 20 CFR part 655, Subpart A, 29 CFR Part 503. In addition, the employer and its agents and attorneys are prohibited from holding or confiscating workers' passports, visas, or other immigration documents pursuant to 18 U.S.C. 1592(a).

8. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation and area of intended employment within the period beginning 120 days before the date of need through the end of the period of certification, unless the layoff is for lawful, job-related reasons and all H-2B workers are laid off first.

9. The employer and its agents, attorneys, and/or employees have not sought or received, and will not seek to receive, payment of any kind from the worker for any activity related to obtaining certification or employment, including but not limited to payment of the employer's attorney or agent fees, application or petition fees, or recruitment costs. Payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits) kickbacks, bribes, tributes, in kind payments, and free labor.

10. Upon the separation from employment of any H-2B or U.S. worker(s) employed under this application, if such separation occurs prior to the end date of the employment specified in this application, the employer will notify the Department in writing of the separation from employment not later than 2 work days after such separation is discovered by the employer. The employer will also notify DHS in writing (or any other manner specified by DHS) of such separation of an H-2B worker.

11. The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment or in a job classification not listed on the approved application unless the employer has obtained a new approved Form ETA-9142B.

12. The employer has demonstrated that it has a temporary need, as defined in 8 CFR 214.2(h)(6)(ii)(B), on Form ETA-9142B or an H-2B Registration, as applicable, and been granted the H-2B Registration, when applicable.

13. The employer will make all deductions from workers' paychecks required by law and only those additional authorized and reasonable deductions disclosed in the job order. Deductions not disclosed will be prohibited. Reasonableness of authorized deductions is determined under the principles stated in 29 CFR part 531. The wage payment requirement in condition 5 of this Declaration will not be met where unauthorized or unreasonable deductions, deposits, rebates, or refunds reduce the wage payment below the offered wage or where the worker "kicks back" any part of the wages to the employer or another person for the employer's benefit.

14. The employer has specified in the job order any applicable minimum productivity standard which the workers must meet in order to retain the job. With respect to any applicable productivity standard, the employer is able to demonstrate that such standard is normal and usual for non-H-2B employers for the same occupation in the area of intended employment.

15. If, before the expiration date specified in the job order, the services of a worker are no longer required for reasons beyond the control of the employer due to fire, weather, other Act of God, or similar, unforeseeable man-made catastrophic event, the employer may terminate the job order with written approval of the Certifying Officer, and will make efforts to transfer the workers to comparable employment, or if transfer is not effected, provide return transportation for the worker as specified in the regulations.

16. The employer will keep a record of workers' earnings and provide the workers with the required earnings statements on or before each payday, which must be at least every 2 weeks or according to the prevailing practice in the area of intended employment, whichever is more frequent.

17. The employer has disclosed how it will provide transportation and subsistence costs in the job order. The employer will either advance all visa, visa-related, border crossing, subsistence, and transportation expenses to workers traveling to the employer's worksite, pay for them directly, or reimburse such expenses, other than travel and subsistence, in the first workweek and reimburse the remainder of the expenses no later than the time workers complete 50 percent of the period covered by the job order. (Advancement of transportation and subsistence costs to U.S. workers employed under this application is required when it is the prevailing practice of non H-2B employers in the occupation in the area of intended employment or when the employer extends such benefits to similarly situated H-2B workers). Provided that workers work until the end of the certified period of employment or are dismissed from employment for any reason before the end of that period, the employer will pay for such workers' return transportation and daily subsistence if the workers have no immediate subsequent H-2B employment. All employer-provided transportation must comply with all applicable Federal, State, or local laws and regulations.

18. The employer will provide to workers, without charge or deposit, all tools, supplies, and equipment required to perform the duties assigned.

19. The employer will provide a copy of the job order to all H-2B workers no later than when the worker applies for a visa if located abroad, no later than the time of the job offer if the H-2B worker is changing employment from one H-2B employer to a subsequent H-2B employer, and to U.S. workers employed under this application no later than on the day work commences. The disclosure must be in a language understood by the workers, as necessary and reasonable.

Case Number: _____    Case Status: _____    Period of Employment: _____ to _____

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

## H-2B Application for Temporary Employment Certification

Form ETA - 9142B – APPENDIX B

U.S. Department of Labor

20. The employer has posted a Department-provided poster detailing H-2B and U.S. workers' rights and protections in a conspicuous location at the place of employment. The employer will request and post additional posters in languages common to a significant portion of the workers if they are not fluent in English.

21. The employer has not and will not (and has not and will not cause another person to) intimidate, threaten, restrain, coerce, blacklist, discharge or in any other manner discriminate against any person who, with respect to 8 U.S.C. 1184(c), 20 CFR Part 655, Subpart A, 29 CFR Part 503, or any other Department regulation promulgated thereunder, has filed a complaint; instituted or caused to be instituted any proceeding; testified or is about to testify; consulted with a worker's center, community organization, labor union, legal assistance program, or attorney; or exercised or asserted on behalf of himself/herself or others any right or protection.

22. The employer has and will contractually forbid in writing any agent or recruiter (or any employee of such agent or recruiter) whom the employer engages, directly or indirectly, in international recruitment of H-2B workers to seek or receive payments or other compensation from prospective workers. The employer and its attorney and/or agent has provided with this application to the Department a copy of all agreements with any agent or recruiter whom it engages or plans to engage in the international recruitment of H-2B workers, as well as the identity and location of all persons or entities hired by or working for the agent or recruiter, and any of their agents or employees, to recruit prospective foreign workers for the H-2B job opportunities offered by the employer.

23. The employer will conduct all required recruitment activities pursuant to 20 CFR 655.40 through 655.46 including but not limited to: additional recruitment if required by the Certifying Officer and contacting all of its former U.S. workers employed in the occupation at the place of employment during the previous year, disclosing the terms of the job order, and soliciting their return, unless they were dismissed for cause or abandoned the worksite.

24. The employer has and will continue to cooperate with the SWA by accepting referrals and will hire all qualified and eligible U.S. workers who apply for the job opportunity until 21 days before the date of need.

25. The employer will cooperate with any agent of the Secretary of Labor who is exercising or attempting to exercise the Department's authority pursuant to 8 U.S.C. 1184(c), including investigations as described in 29 CFR 503.25.

26. The employer will retain all documents pertaining to this application and registration, the recruitment-related documents, the payroll records, and related documents for 3 years as required by the regulations at 20 CFR 655.56 and 29 CFR 503.17.

**I hereby designate** the agent or attorney identified in section D (if any) of the Form ETA -9142B to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney.

**I declare** under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in the Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Schmidt | Gary | E. |
| 4. Title | | |
| Company President | | |
| 5. Signature | | 6. Date signed |
| | | 01/01/2019 |

**Public Burden Statement** (1205-0509)

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 1 hour to complete the form, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Please send comments regarding this burden estimate or any other aspect of this information collection to the Office of Foreign Labor Certification • U.S. Department of Labor • Suite 12-200 • 200 Constitution Ave., NW, • Washington, DC 20210. **Please do not send the completed application to this address.**

# Job Posting: Review

## Employer Details

**LEGAL NAME**

Schmidt Landscaping Inc

**DOING BUSINESS AS**

Schmidt Landscaping Inc

**ADDRESS**

1521 MILLERS RUN RD
MC DONALD, PA 15057-2903

**PHONE**

724-986-1980

## Basic Details

**APPROVAL STATUS**

Pending

**JOB POSTING STATUS**

New

**JOB POSTING NUMBER**

12665221

**POSTING DATE**

12/13/2018 11:32:03 AM

**JOB TITLE**

Grounds Maintenance Specialist

**JOB SUMMARY**

Grounds Maintenance Specialist.  6 temporary/full-time positions with Schmidt Landscaping Inc  from 4/1/2019 - 11/30/2019.
Landscape or maintain grounds of property using hand or power tools or equipment.  Workers must be able to

perform a variety of tasks without close supervision, which may include any combination of the following: sod laying, grading, seeding, mowing, trimming, planting, watering, fertilizing, digging, raking and assist with sprinkler installation and installation of mortarless segmental concrete masonry wall units. Must exercise independent judgment; may be asked to demonstrate tasks to other employees but position does not include supervision of other workers.

Must lift/carry 50 lbs., when necessary. Saturday and Sunday work required, when necessary.

Requires three months of previous landscape experience.

The employer will pay in advance or reimburse H-2B workers in the first workweek for all visa, visa processing, border crossing, and other related fees, including those mandated by the government (excluding passport fees). For workers outside reasonable commuting distances, inbound transportation (including meals and, to the extent necessary, lodging) to the place of employment will be reimbursed, if the worker completes half of the employment period ("50% period"), if not already paid in full prior to the 50% period. Return transportation and subsistence will be provided or paid for to same worker if the worker completes the employment period or is dismissed early by the employer except where the worker has employment with a subsequent employer. Transportation payments or reimbursements will be equal to the most economical and reasonable common carrier for the distances involved. Daily meals will be provided at a rate of at least $12.26 per day of travel or the current minimum subsistence amount published in the Federal Register, to a maximum of $51.00 per day or the current maximum amount published in the Federal Register to workers with acceptable receipts.

The employer guarantees to offer work for a total number of work hours equal to at least three-fourths of the workdays in each 12-week period of the total employment period, beginning with the first work day after the arrival of the worker at the place of employment and ending on the expiration date specified in this job order or its extension, if any. The employer may include all hours actually worked as well as any hours offered consistent with the job order that a worker chooses to not work, up to the maximum number of daily hours on the job order. If worker separation is due to voluntary abandonment, the employer will not be responsible for providing or paying return transportation and subsistence expenses of the worker and the worker is not entitled to the full three-quarter period guarantee described above.

Employer will provide without charge all tools, supplies and equipment necessary to perform duties assigned. If needed, employer will assist in arranging worker-paid lodging for foreign and non-local U.S. workers hired pursuant to this job order

JOB LOCATION:

1521 Millers Run Road McDonald, PA 15057 and multiple worksites within Allegheny and Washington counties. Daily transportation to and from the worksite from a centralized designated pick-up place will be offered to workers at no charge. The use of this transportation is voluntary. Employer provides incidental transport between job sites. WAGE INFORMATION:

Rate: no less than $ 13.77 per Hour

Overtime: $ 20.66 per Hour (overtime hours vary)

A single workweek will be used to compute wages due. The payroll period is weekly. Workers are paid by check on Friday. The standard work schedule is from 7:30 AM until 4:00 PM, Monday through Friday. Employer will offer 40 hours per week. The worker may be offered more than the stated hours per day, depending on weather and other conditions. Extreme heat, cold, rain, or drought may affect exact working hours.

The employer will make all deductions from worker's paycheck required by law. The employer does not envision other workforce-wide payroll deductions. Potential elective deductions to be pre-authorized in writing if applicable are as follows: The employer will deduct for the reasonable fair market value cost of rent and/or utilities based on number of occupants for those employees who voluntarily elect to live in employer-offered housing. REFERRAL INSTRUCTIONS:

State Workforce Agencies (SWAs) may only refer for employment individuals who have been apprised of all the material terms and conditions of employment and who are qualified and will be available for employment. The actual employment offer is at the sole discretion of the employer. Referrals will be accepted from the SWAs, directly from applicants, or from other sources. Applicants must possess documentation required to enable the

employer to comply with the employment verification requirements of IRCA.
To apply, fax resume to Schmidt Landscaping Inc at (724) 356-1959 or apply at the job order holding office shown below. It will be the responsibility of the referring SWA office to inform job seekers of the terms and conditions of this job order.
SWA Job Order Holding Office:
PA CareerLink - Washington County
90 West Chestnut St., Ste 150 LL Washington, PA 15301
Phone: (724) 223-4500

## JOB TITLE (OTHER THAN ENGLISH)

## JOB SUMMARY (OTHER THAN ENGLISH)

## IS THIS FOREIGN LABOR CERTIFICATION JOB POSTING ?

Yes

## FOREIGN LABOR CERTIFICATION TYPE

H2B

## FOREIGN LABOR CERTIFICATION START DATE

04/01/2019

## FOREIGN LABOR CERTIFICATION END DATE

11/30/2019

## H2A/H2B CLOSING DATE

## FEDERAL CONTRACTOR JOB LISTING (FCJL) JOB POSTING

No

## IS COMPANY UNDER AFFIRMATIVE ACTION RULING

No

## EXPERIENCE

3 Months

## LICENSE TYPE

None

## STATE

## ENDORSEMENTS

## EDUCATION LEVEL

No formal schooling

**ASSIGNED STAFF**

---

# Job Site Details

EDIT

**ADDRESS LINE 1**

1521 MILLERS RUN RD

**ADDRESS LINE 2**

**CITY**

MC DONALD

**STATE**

Pennsylvania

**ZIP CODE**

15057

**COUNTY**

Washington

**WORK SHIFT**

Day, Weekend

**JOB TYPE**

Temporary/Seasonal

**INTERNSHIP TYPE**

**HOURS PER WEEK**

40.00

**MINIMUM SALARY**

13.77

**MAXIMUM SALARY**

13.77

**SALARY PER**

Hour

COMMISSION

**DISPLAY SALARY TO INDIVIDUALS**

Yes

**NUMBER OF OPENINGS**

6

**HOW MANY APPLICATIONS DO YOU WANT TO REVIEW?**

200

**ACTUAL NUMBER OF JOB REFERRALS**

**IS THIS JOB OPENING CONSIDERED TO BE A 'GREEN JOB'?**

No

## Contact Details    [ EDIT ]

**POINT OF CONTACT**

Schmidt, Gary

**DO YOU REQUIRE AN APPLICATION TO BE SUBMITTED ON YOUR WEBSITE?**

No

**WOULD YOU LIKE PA CAREERLINK® STAFF ASSISTANCE FOR THIS JOB POSTING?**

Unassisted

**WOULD YOU LIKE TO DISPLAY YOUR COMPANY NAME?**

Yes

**FOLLOW-UP INSTRUCTIONS**

Forward Résumé by Fax to Primary Contact
Follow Special Instructions: To apply, fax resume to Schmidt Landscaping Inc at (724) 356-1959 or apply at the job order holding office; PA CareerLink - Washington County 90 West Chestnut St., Ste 150 LL Washington, PA 15301
Phone: (724) 223-4500

## Occupation Matching    [ EDIT ]

| Occupation Title | Minimum Required Experience | Certification Needed? | Primary Occupation | Skills Entered |
|---|---|---|---|---|
| Landscaping and Groundskeeping Workers | 3 Months | No | Yes | No |

## Matching Options

ADD MATCHING OPTION

## Screening Questionnaire

ADD QUESTIONNAIRE

PRINTER FRIENDLY VERSION

Close

Created On: 12/13/2018 11:32:03 AM
Created By: EMPLOYER
Last Updated On: 12/28/2018 2:53:40 PM
Updated By: EMPLOYER

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

## H-2B Application for Temporary Employment Certification
### ETA Form 9142B
**U.S. Department of Labor**



*Please read and review the filing instructions carefully before completing the ETA Form 9142B. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations, incomplete or obviously inaccurate applications will not be certified by the Department of Labor. If submitting this form non-electronically, ALL required fields/items containing an asterisk ( * ) must be completed as well as any fields/items where a response is conditional as indicated by the section( § ) symbol.*

### A. Employment-Based Nonimmigrant Visa Information

1. Indicate the type of visa classification supported by this application *(Write classification symbol)*: * | H-2B

### B. Temporary Need Information

1. Job Title *
Landscape Laborer

| 2. SOC (ONET/OES) code * | 3. SOC (ONET/OES) occupation title * |
|---|---|
| 37-3011 | Landscaping and Groundskeeping Workers |

| 4. Is this a full-time position? * | Period of Intended Employment | |
|---|---|---|
| ☑ Yes  ☐ No | 5. Begin Date * 4/1/2019 *(mm/dd/yyyy)* | 6. End Date * 11/30/2019 *(mm/dd/yyyy)* |

7. Worker positions needed/basis for the visa classification supported by this application

| 20 | **Total Worker Positions Being Requested for Certification *** |
|---|---|

Basis for the visa classification supported by this application
*(indicate the total workers in each applicable category based on the total workers identified above)*

| 20 | a. New employment * | 0 | d. New concurrent employment * |
|---|---|---|---|
| 0 | b. Continuation of previously approved employment * without change with the same employer | 0 | e. Change in employer * |
| 0 | c. Change in previously approved employment * | 0 | f. Amended petition * |

8. Nature of Temporary Need: (Choose only one of the standards) *

☑ Seasonal    ☐ Peakload    ☐ One-Time Occurrence    ☐ Intermittent or Other Temporary Need

9. Statement of Temporary Need *
H-2B Detailed Statement of Temporary Need
Evergreen Nursery, LLC dba McMurray Nursery
4/1/2019 - 11/30/2019
Landscape Laborer / 37-3011
Temporary Need Standard: Seasonal
20 positions

Introduction
Evergreen Nursery, LLC dba McMurray Nursery is a full service Landscape Contractor whose primary activities are providing commercial and residential landscape services including any combina ion of laying sod, mowing lawns, trimming bushes, planting and similar tasks. This is seasonal outdoor work generally performed from spring through the subsequent fall. We have been in business since 2006 and our date of need for H-2B workers is the regularly recurring annual business cycle customary to the landscape industry in our locale. Continued on separate attachment/uploaded.

---

ETA Form 9142B

**FOR DEPARTMENT OF LABOR USE ONLY**

Page 1 of 7

Case Number: H-400-18338-770910    Case Status: Full Certification    Validity Period: 4/1/2019 to 11/30/2019

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

H-2B Application for Temporary Employment Certification
ETA Form 9142B
**U.S. Department of Labor**



## C. Employer Information

**Important Note**: Enter the full name of the individual employer, partnership, or corporation and all other required information in this section. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, identify the main or primary employer in the section below and then submit a separate attachment that identifies each employer, <u>by name, mailing address, and total worker positions needed</u>, under the application.

| | | |
|---|---|---|
| 1. Legal business name *<br>EVERGREEN NURSERY, LLC | | |
| 2. Trade name/Doing Business As (DBA), if applicable<br>DBA McMurray Nursery | | |
| 3. Address 1 *<br>211 THOMPSONVILLE ROAD | | |
| 4. Address 2 | | |
| 5. City *<br>MCMURRAY | 6. State *<br>Pennsylvania | 7. Postal code *<br>15317 |
| 8. Country *<br>United States Of America | 9. Province | |
| 10. Telephone number *<br>724-941-6500 | 11. Extension | |
| 12. Federal Employer Identification Number (FEIN from IRS) *<br>(b) (6) | 13. NAICS code (must be at least 4-digits) *<br>561730 | |
| 14. Number of non-family full-time equivalent employees | 15. Annual gross revenue | 16. Year established<br>2006 |

17. Type of employer application (choose only one box below) *

☑ Individual Employer      ☐ Association – Sole Employer (H-2A only)
☐ H-2A Labor Contractor or      ☐ Association – Joint Employer (H-2A only)
    Job Contractor      ☐ Association – Filing as Agent (H-2A only)

## D. Employer Point of Contact Information

**Important Note**: The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section <u>must be different</u> from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, enter <u>only</u> the contact information for the main or primary employer (e.g., contact for an association filing as joint employer) under the application.

| | | |
|---|---|---|
| 1. Contact's last (family) name *<br>HAUBER | 2. First (given) name *<br>PAUL | 3. Middle name(s)<br>M. |
| 4. Contact's job title *<br>OWNER | | |
| 5. Address 1 *<br>211 THOMPSONVILLE ROAD | | |
| 6. Address 2 | | |
| 7. City *<br>MCMURRAY | 8. State *<br>Pennsylvania | 9. Postal code *<br>15317 |
| 10. Country *<br>United States Of America | 11. Province | |
| 12. Telephone number *<br>724-941-6500 | 13. Extension | 14. E-Mail address |

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

H-2B Application for Temporary Employment Certification
ETA Form 9142B
**U.S. Department of Labor**



## E. Attorney or Agent Information (If applicable)

1. Is/are the employer(s) represented by an attorney or agent in the filing of this application (including associations acting as agent under the H-2A program)? If "Yes", complete Section E. *   ☑ Yes  ☐ No

| 2. Attorney or Agent's last (family) name § | 3. First (given) name § | 4. Middle name |
|---|---|---|
| KIRCHNER | MEAGAN | A. |

5. Address 1 §
400 FRONT STREET

6. Address 2
P.O. BOX 507

| 7. City § | 8. State | 9. Postal code § |
|---|---|---|
| Lovingston | Virginia | 22949 |

| 10. Country § | 11. Province |
|---|---|
| United States Of America | |

| 12. Telephone number § | 13. Extension | 14. E-Mail address |
|---|---|---|
| 434-263-4300 | | masH2B6540@maslabor.com |

| 15. Law firm/Business name § | 16. Law firm/Business FEIN § |
|---|---|
| MAS Labor H2B, LLC | (b) (6) |

| 17. State Bar number (only if attorney) § | 18. State of highest court where attorney is in good standing (only if attorney) § |
|---|---|
| | |

19. Name of the highest court where attorney is in good standing (only if attorney) §

## F. Job Offer Information

### a. Job Description

1. Job Title *
Landscape Laborer

| 2. Number of hours of work per week | 3. Hourly Work Schedule * |
|---|---|
| Basic *: 40    Overtime: _____ | A.M. (h:mm): 07 : 30    P.M. (h:mm): 04 : 00 |

| 4. Does this position supervise the work of other employees? * ☐ Yes ☑ No | 4a. If yes, number of employees worker will supervise (if applicable) § _____ |
|---|---|

5. Job duties – A description of the duties to be performed **MUST** begin in this space. If necessary, add attachment to continue and complete description. *
Landscape or maintain grounds of property using hand or power tools or equipment. Workers typically perform a variety of tasks, which may include any combination of the following: sod laying, grading, seeding, mowing, trimming, planting, watering, fertilizing, digging, raking and assist with installation of mortarless segmental concrete masonry wall units. Entry level, requires supervision.

---

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

H-2B Application for Temporary Employment Certification
ETA Form 9142B
**U.S. Department of Labor**



---

**F. Job Offer Information** *(continued)*

**b. Minimum Job Requirements**

1. Education: minimum U.S. diploma/degree required *

☑None ☐ High School/GED ☐ Associate's ☐ Bachelor's ☐ Master's ☐ Doctorate (PhD) ☐ Other degree (JD, MD, etc.)

| 1a. If "Other degree" in question 1, specify the diploma/ degree required § | 1b. Indicate the major(s) and/or field(s) of study required § (May list more than one related major and more than one field) |
|---|---|

| 2. Does the employer require a second U.S. diploma/degree? * | ☐ Yes | ☑ No |
|---|---|---|

2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required §

| 3. Is training for the job opportunity required? * | ☐ Yes | ☑ No |
|---|---|---|

| 3a. If "Yes" in question 3, specify the number of <u>months</u> of training required § | 3b. Indicate the field(s)/name(s) of training required § (May list more than one related field and more than one type) |
|---|---|

| 4. Is employment experience required? * | ☐ Yes | ☑ No |
|---|---|---|

| 4a. If "Yes" in question 4, specify the number of <u>months</u> of experience required § | 4b. Indicate the occupation required § |
|---|---|

5. Special Requirements - List specific skills, licenses/certifications, and requirements of the job opportunity. *
Must lift/carry 50 lbs., when necessary. Saturday and Sunday work required, when necessary.

---

**c. Place of Employment Information**

1. Worksite address 1 *
211 Thompsonville Road

2. Address 2

| 3. City * McMurray | 4. County * Washington |
|---|---|

| 5. State/District/Territory * Pennsylvania | 6. Postal code * 15317 |
|---|---|

| 7. Will work be performed in multiple worksites within an area of intended employment or at location(s) other than the address listed above? * | ☑ Yes   ☐ No |
|---|---|

7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible. If necessary, submit an attachment to <u>continue and complete</u> a listing of all anticipated worksites. §
Please See Addendum

---

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

H-2B Application for Temporary Employment Certification
ETA Form 9142B
**U.S. Department of Labor**



---

**G. Rate of Pay**

| 1. Basic Rate of Pay Offered * | 1a. Overtime Rate of Pay *(if applicable)* § |
|---|---|
| From: $ 13 . 77    To (Optional): $ _____ . _____ | From: $ 20 . 66    To (Optional): $ _____ . _____ |

2. Per: (Choose only one) *
☑ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☐ Year ☐ Piece Rate

2a. If Piece Rate is indicated in question 2, specify the wage offer requirements: §

3. Additional Wage Information (e.g., multiple worksite applications, itinerant work, or other special procedures).
If necessary, add attachment to <u>continue and complete</u> description. §
Raises and/or bonuses may be offered to any worker in the specified occupation, at the company's sole discretion, based on individual factors including work performance, skill, and tenure. Employer provides incidental transportation between worksites as necessary.

---

**H. Recruitment Information**

1. Name of State Workforce Agency (SWA) serving the area of intended employment *

| 2. SWA job order identification number | 2a. Start date of SWA job order * | 2b. End date of SWA job order * |
|---|---|---|
|  |  |  |

| 3. Is there a Sunday edition of a newspaper (of general circulation) in the area of intended employment? * | ☐ Yes    ☑ No |
|---|---|

| Name of Newspaper/Publication *(in area of intended employment for H-2B only)* * | Dates of Print Advertisement § | |
|---|---|---|
| 4. | From: | To: |
| 5. | From: | To: |

6. Referral and Hiring Information: Enter at least two verifiable methods by which prospective U.S. workers can contact the employer and apply for the job opportunity.

| a. Telephone Number to Apply * | b. Email Address to Apply * |
|---|---|
| 724-941-6500 | paul@mcmurraynursery.com |

c. Website address (URL) to Apply *

N/A

---

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

H-2B Application for Temporary Employment Certification
ETA Form 9142B
**U.S. Department of Labor**



---

## I. Declaration of Employer and Attorney/Agent

In accordance with Federal regulations, the employer must attest that it will abide by certain terms, assurances and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor.  Applications that fail to attach Appendix A or Appendix B will be considered incomplete and not accepted for processing by the ETA application processing center.

| | | |
|---|---|---|
| 1.  For H-2A Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix A.** § | ❏ Yes   ❏ No   ❏ N/A |
| 2.  For H-2B Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix B.** § | ☑Yes   ❏ No   ❏ N/A |

## J. Preparer

Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1.  Last (family) name § | 2.  First (given) name § | 3. Middle name |
|---|---|---|
| Bruguiere | Jodie | |

| 4.  Job Title § |
|---|
| Senior Case Manager |

| 5.  Firm/Business name § |
|---|
| MAS Labor H2B, LLC |

| 6.  E-Mail address § |
|---|
| masH2B6540@maslabor.com |

## K.  U.S. Government Agency Use (ONLY)

Pursuant to the provisions of Section 101 (a)(15)(h)(ii) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed. By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from <u>4/1/2019</u>       to <u>11/30/2019</u>.

<u>2/22/2019 2:22 PM EST</u>

Department of Labor, Office of Foreign Labor Certification       Determination Date (date signed)

<u>H-400-18338-770910</u>       Full Certification

Case number       Case Status

**Public Burden Statement** 1205-0509

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 1.5 hours to complete the form and 25 minutes per response for all other H-2B information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.).

---

OMB Approval: 1205-0509
Expiration Date: 1/31/2019

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
### U.S. Department of Labor



---

### ADDENDUM
ADDENDUM SECTION F.c.7a.: Additional Worksites

2. State: Pennsylvania    Area Based On: County/Township    Area: WESTMORELAND
Start Date of Work: N/A    End Date of Work: N/A
Number of H2B Workers Requested: N/A    Wage Rate: N/A    Unit of Pay: N/A
Additional Worksites Information: N/A
_____

3. State: Pennsylvania    Area Based On: County/Township    Area: ALLEGHENY
Start Date of Work: N/A    End Date of Work: N/A
Number of H2B Workers Requested: N/A    Wage Rate: N/A    Unit of Pay: N/A
Additional Worksites Information: N/A
_____

4. State: Pennsylvania    Area Based On: County/Township    Area: WASHINGTON
Start Date of Work: N/A    End Date of Work: N/A
Number of H2B Workers Requested: N/A    Wage Rate: N/A    Unit of Pay: N/A
Additional Worksites Information: N/A
_____

---

| **From:** | Jodie Bruguiere |
|---|---|
| **To:** | TLC, Chicago - ETA SVC; VSC.H2babs@dhs.gov |
| **Cc:** | monterreyH2Visas@state.gov; masH2ops; paul@mcmurraynursery.com; Paul Hauber; linda mcmurraynursery.com |
| **Subject:** | H-2B_Early Depart_Evergreen Nursery, LLC dba McMurray Nursery_H-400-18338-770910_EAC-19-179-52047 |
| **Date:** | Monday, June 17, 2019 4:35:47 PM |
| **Attachments:** | image001.png |
| | AWOL_Evergreen Nurse _(b) (6)_ _GM_15603.pdf |
| **Importance:** | High |

To Whom It May Concern:

Attached is a letter informing you of an early departure by an H-2 worker employed by the above-referenced company (Evergreen Nursery, LLC dba McMurray Nursery, DOL Case # H-400-18338-770910, I-797 # EAC-19-179-52047). This notification satisfies the employer's responsibility to report the worker's change in visa status to your agency. (GM/6056/15603)

| **WorkerName** | **BirthDate** |
|---|---|
| (b) (6) | |

Thank you.

**Jodie Bruguiere**
*Senior Case Manager*

TEL: 434.263.4300, x1127
FAX: 434.263.4700
jbruguiere@maslabor.com



Mid-Atlantic Solutions, Inc.
400 Front Street, P.O. Box 507
Lovingston, VA 22949
**maslabor.com**

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

## H-2B Application for Temporary Employment Certification

Form ETA-9142B – APPENDIX B
U.S. Department of Labor



### For Use in Filing Applications Under the H-2B Non-Agricultural Program ONLY[1]

### A. Attorney or Agent Declaration

*I hereby declare under penalty of perjury that I am an attorney for the employer, or that I am an employee of, or hired by, the employer listed in Section C of the Form ETA-9142B, and that I have been designated by that employer in accordance with 20 CFR 655.8 to act on its behalf in connection with this application, as evidenced by the attached agency agreement. I also certify that to the best of my knowledge the information contained herein is true and accurate, including the employer's declaration regarding activities I have undertaken on the employer's behalf in connection with this application. I understand that to knowingly furnish false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in a Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Attorney or Agent's last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Kirchner | Meagan | A. |
| 4. Firm/Business name | | |
| MAS Labor H2B, LLC | | |
| 5. E-Mail address  masH2B6540@maslabor.com | | |
| 6. Signature | | 7. Date signed |

### B. Employer Declaration

*By virtue of my signature below, I HEREBY CERTIFY my knowledge of and compliance with the following conditions of employment applicable to H-2B workers and/or U.S. workers who are hired during the recruitment period for positions covered by this application, including any approved extension thereof:*

1.   The job opportunity is a bona fide, full-time temporary position (of at least 35 hours per workweek), the qualifications and requirements for which are consistent with the normal and accepted qualifications and requirements imposed by non-H-2B employers in the same or comparable occupations and area of intended employment. The employer has listed all qualifications and requirements in the job order.

2.   There is no strike or lockout at any of the employer's worksites within the area of intended employment for which the employer is requesting an H-2B certification.

3.   The job opportunity was/is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, disability, or citizenship. U.S. workers who apply for the job will be rejected only for lawful, job-related reasons, and the employer will retain records of all rejections.

4.   The employer has not/will not offer terms, wages, and working conditions to U.S workers that are less favorable than those offered or will be offered to H-2B workers or impose restrictions or obligations on U.S. workers that are not imposed on H-2B workers. This does not relieve the employer from providing H-2B workers with at least the minimum benefits, wages, and working conditions that must be offered to U.S. workers under 20 CFR 655.18, except for those required by 20 CFR 655.18(b)(17).

5.   The offered wage equals or exceeds the highest of the most recent prevailing wage for the occupation that is or will be issued by the Department to the employer for the time period the work is performed, or the applicable Federal, State, or local minimum wage, and the employer will pay at least the offered wage, free and clear, either in cash or in a negotiable instrument payable at par, during the entire period of this application. The employer guarantees to supplement a piece rate wage if at the end of the workweek, the piece rate does not result in average hourly piece rate earnings during the workweek at least equal to the offered wage.

---

[1] The Department of Labor Appropriations Act, 2016, Division H, Title I of Public Law 114-113 ("2016 DOL Appropriations Act"), provides that the Department of Labor ("Department") may not use any funds to enforce the definition of corresponding employment found in 20 CFR 655.5 or the three-fourths guarantee rule definition found in 20 CFR 655.20, or any reference thereto. See Sec. 113. Therefore, in order to comply with the 2016 DOL Appropriations Act, the Department has removed references to these provisions from the Form ETA-9142B – Appendix B. However, the 2016 DOL Appropriations Act did not vacate these regulatory provisions, and they remain in effect, thus imposing a legal duty on H-2B employers, even though the Department will not use any Fiscal Year 2016 funds to enforce them.

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

## H-2B Application for Temporary Employment Certification

Form ETA - 9142B – APPENDIX B

U.S. Department of Labor



6. The offered wage is not based on commissions, bonuses or other incentives, unless the employer guarantees a wage earned every workweek that equals or exceeds the offered wage.

7. During the period of employment that is the subject of this application, the employer will comply with applicable Federal, State and local employment-related laws and regulations, including, but not limited to, employment-related health and safety laws, 20 CFR part 655, Subpart A, 29 CFR Part 503. In addition, the employer and its agents and attorneys are prohibited from holding or confiscating workers' passports, visas, or other immigration documents pursuant to 18 U.S.C. 1592(a).

8. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation and area of intended employment within the period beginning 120 days before the date of need through the end of the period of certification, unless the layoff is for lawful, job-related reasons and all H-2B workers are laid off first.

9. The employer and its agents, attorneys, and/or employees have not sought or received, and will not seek to receive, payment of any kind from the worker for any activity related to obtaining certification or employment, including but not limited to payment of the employer's attorney or agent fees, application or petition fees, or recruitment costs. Payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

10. Upon the separation from employment of any H-2B or U.S. worker(s) employed under this application, if such separation occurs prior to the end date of the employment specified in this application, the employer will notify the Department in writing of the separation from employment not later than 2 work days after such separation is discovered by the employer. The employer will also notify DHS in writing (or any other manner specified by DHS) of such separation of an H-2B worker.

11. The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment or in a job classification not listed on the approved application unless the employer has obtained a new approved Form ETA-9142B.

12. The employer has demonstrated that it has a temporary need, as defined in 8 CFR 214.2(h)(6)(ii)(B), on Form ETA-9142B or an H-2B Registration, as applicable, and been granted the H-2B Registration, when applicable.

13. The employer will make all deductions from workers' paychecks required by law and only those additional authorized and reasonable deductions disclosed in the job order. Deductions not disclosed will be prohibited. Reasonableness of authorized deductions is determined under the principles stated in 29 CFR part 531. The wage payment requirement in condition 5 of this Declaration will not be met where unauthorized or unreasonable deductions, deposits, rebates, or refunds reduce the wage payment below the offered wage or where the worker "kicks back" any part of the wages to the employer or another person for the employer's benefit.

14. The employer has specified in the job order any applicable minimum productivity standard which the workers must meet in order to retain the job. With respect to any applicable productivity standard, the employer is able to demonstrate that such standard is normal and usual for non-H-2B employers for the same occupation in the area of intended employment.

15. If, before the expiration date specified in the job order, the services of a worker are no longer required for reasons beyond the control of the employer due to fire, weather, other Act of God, or similar, unforeseeable man-made catastrophic event, the employer may terminate the job order with written approval of the Certifying Officer, and will make efforts to transfer the workers to comparable employment, or if transfer is not effected, provide return transportation for the worker as specified in the regulations.

16. The employer will keep a record of workers' earnings and provide the workers with the required earnings statements on or before each payday, which must be at least every 2 weeks or according to the prevailing practice in the area of intended employment, whichever is more frequent.

17. The employer has disclosed how it will provide transportation and subsistence costs in the job order. The employer will either advance all visa, visa-related, border crossing, subsistence, and transportation expenses to workers traveling to the employer's worksite, pay for them directly, or reimburse such expenses, other than travel and subsistence, in the first workweek and reimburse the remainder of the expenses no later than the time workers complete 50 percent of the period covered by the job order. (Advancement of transportation and subsistence costs to U.S. workers employed under this application is required when it is the prevailing practice of non H-2B employers in the occupation in the area of intended employment or when the employer extends such benefits to similarly situated H-2B workers). Provided that workers work until the end of the certified period of employment or are dismissed from employment for any reason before the end of that period, the employer will pay for such workers' return transportation and daily subsistence if the workers have no immediate subsequent H-2B employment. All employer-provided transportation must comply with all applicable Federal, State, or local laws and regulations.

18. The employer will provide to workers, without charge or deposit, all tools, supplies, and equipment required to perform the duties assigned.

19. The employer will provide a copy of the job order to all H-2B workers no later than when the worker applies for a visa if located abroad, no later than the time of the job offer if the H-2B worker is changing employment from one H-2B employer to a subsequent H-2B employer, and to U.S. workers employed under this application no later than on the day work commences. The disclosure must be in a language understood by the workers, as necessary and reasonable.

OMB Approval: 1205-0509
Expiration Date: 12/31/2018

## H-2B Application for Temporary Employment Certification

Form ETA - 9142B – APPENDIX B

U.S. Department of Labor

20. The employer has posted a Department-provided poster detailing H-2B and U.S. workers' rights and protections in a conspicuous location at the place of employment. The employer will request and post additional posters in languages common to a significant portion of the workers if they are not fluent in English.

21. The employer has not and will not (and has not and will not cause another person to) intimidate, threaten, restrain, coerce, blacklist, discharge or in any other manner discriminate against any person who, with respect to 8 U.S.C. 1184(c), 20 CFR Part 655, Subpart A, 29 CFR Part 503, or any other Department regulation promulgated thereunder, has filed a complaint; instituted or caused to be instituted any proceeding; testified or is about to testify; consulted with a worker's center, community organization, labor union, legal assistance program, or attorney; or exercised or asserted on behalf of himself/herself or others any right or protection.

22. The employer has and will contractually forbid in writing any agent or recruiter (or any employee of such agent or recruiter) whom the employer engages, directly or indirectly, in international recruitment of H-2B workers to seek or receive payments or other compensation from prospective workers. The employer and its attorney and/or agent has provided with this application to the Department a copy of all agreements with any agent or recruiter whom it engages or plans to engage in the international recruitment of H-2B workers, as well as the identity and location of all persons or entities hired by or working for the agent or recruiter, and any of their agents or employees, to recruit prospective foreign workers for the H-2B job opportunities offered by the employer.

23. The employer will conduct all required recruitment activities pursuant to 20 CFR 655.40 through 655.46 including but not limited to: additional recruitment if required by the Certifying Officer and contacting all of its former U.S. workers employed in the occupation at the place of employment during the previous year, disclosing the terms of the job order, and soliciting their return, unless they were dismissed for cause or abandoned the worksite.

24. The employer has and will continue to cooperate with the SWA by accepting referrals and will hire all qualified and eligible U.S. workers who apply for the job opportunity until 21 days before the date of need.

25. The employer will cooperate with any agent of the Secretary of Labor who is exercising or attempting to exercise the Department's authority pursuant to 8 U.S.C. 1184(c), including investigations as described in 29 CFR 503.25.

26. The employer will retain all documents pertaining to this application and registration, the recruitment-related documents, the payroll records, and related documents for 3 years as required by the regulations at 20 CFR 655.56 and 29 CFR 503.17.

**I hereby designate** the agent or attorney identified in section D (if any) of the Form ETA -9142B to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney.

**I declare** under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in the Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Hauber | Paul | M. |

| 4. Title |
|---|
| Owner |

| 5. Signature | 6. Date signed |
|---|---|
| | |

**Public Burden Statement** *(1205-0509)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 1 hour to complete the form, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Please send comments regarding this burden estimate or any other aspect of this information collection to the Office of Foreign Labor Certification ● U.S. Department of Labor ● Suite 12-200 ● 200 Constitution Ave., NW, ● Washington, DC 20210. **Please do not send the completed application to this address.**

# Job Posting: Review

## Employer Details

**LEGAL NAME**

Evergreen Nursery

**DOING BUSINESS AS**

Evergreen Nursery

**ADDRESS**

211 Thompsonville RD
Canonsburg, PA 15317-3209

**PHONE**

724-941-6500

## Basic Details

**APPROVAL STATUS**

Pending

**JOB POSTING STATUS**

New

**JOB POSTING NUMBER**

12690771

**POSTING DATE**

12/26/2018 1:36:28 PM

**JOB TITLE**

Landscape Laborer

**JOB SUMMARY**

Landscape Laborer.  20 temporary/full-time positions with Evergreen Nursery, LLC dba McMurray Nursery from 4/1/2019 - 11/30/2019. Landscape or maintain grounds of property using hand or power tools or equipment.  Workers typically perform a variety of tasks, which may include any combination of the following: sod laying, grading, seeding, mowing, trimming, planting, watering, fertilizing, digging, raking and assist with installation of mortarless segmental concrete masonry wall units.  Entry level, requires supervision. Must lift/carry 50 lbs., when necessary.  Saturday and Sunday work required, when necessary. On-the-job training will be provided to the worker.

The employer will pay in advance or reimburse H-2B workers in the first workweek for all visa, visa processing, border crossing, and other related fees, including those mandated by the government (excluding passport fees).  For workers outside reasonable commuting distances, inbound transportation (including meals and, to the extent necessary, lodging) to the place of employment  will be paid in advance or reimbursed by the employer, if the worker completes half of the employment period ("50% period"), if not already paid in full prior to the 50% period. Return transportation and subsistence will be provided or paid for to same worker if the worker completes the employment period or is dismissed early by the employer except where the worker has employment with a subsequent employer.  Transportation payments or reimbursements will be equal to the most economical and reasonable common carrier for the distances involved.  Daily meals will be provided at a rate of at least $12.26 per day of travel or the current minimum subsistence amount published in the Federal Register, to a maximum of $51.00 per day or the current maximum amount published in the Federal Register to workers with acceptable receipts.

The employer guarantees to offer work for a total number of work hours equal to at least three-fourths of the workdays in each 12-week period of the total employment period, beginning with the first work day after the arrival of the worker at the place of employment and ending on the expiration date specified in this job order or its extension, if any.  The employer may include all hours actually worked as well as any hours offered consistent with the job order that a worker chooses to not work, up to the maximum number of daily hours on the job order.

If worker separation is due to voluntary abandonment, the employer will not be responsible for providing or paying return transportation and subsistence expenses of the worker and the worker is not entitled to the full three-quarter period guarantee described above.

Employer will provide without charge company-specific uniform and all tools, supplies and equipment necessary to perform duties assigned. If needed, employer will assist in arranging worker-paid lodging for foreign and non-local U.S. workers hired pursuant to this job order

**JOB LOCATION:** 211 Thompsonville Road, McMurray, PA 15317  and multiple worksites within Allegheny, Washington and Westmoreland counties.

Daily transportation to and from the worksite from a centralized designated pick-up place will be offered to workers at no charge.  The use of this transportation is voluntary. Employer provides incidental transport between job sites.

**WAGE INFORMATION: Rate**: no less than $ 13.77 per Hour **Overtime**: $ 20.66 per Hour (overtime hours vary)

Raises and/or bonuses may be offered to any worker in the specified occupation, at the company's sole discretion, based on individual factors including work performance, skill, and tenure. A single workweek will be used to compute wages due. The payroll period is weekly. Workers are paid by check on Friday. The standard work schedule is from 7:30 AM until 4:00 PM, Monday through Friday.  Employer will offer 40 hours per week. The worker may be offered more than the stated hours per day, depending on weather and other conditions.  Extreme heat, cold, rain, or drought may affect exact working hours.

The employer will make all deductions from worker's paycheck required by law. The employer does not envision other workforce-wide payroll deductions. Potential elective deductions to be pre-authorized in writing if applicable are as follows: The employer will deduct for the reasonable fair market value cost of rent and/or utilities based on number of occupants for those employees who voluntarily elect to live in employer-offered housing.

**REFERRAL INSTRUCTIONS:**

State Workforce Agencies (SWAs) may only refer for employment individuals who have been apprised of all the material terms and conditions of employment and who are qualified and will be available for employment.  The actual employment offer is at the sole discretion of the employer.  Referrals will be accepted from the SWAs, directly from applicants, or from other sources. Applicants must possess documentation required to enable the employer to comply with the employment verification requirements of IRCA. It will be the responsibility of the referring SWA office to inform job seekers of the terms and conditions of this job order.

**JOB TITLE (OTHER THAN ENGLISH)**

**JOB SUMMARY (OTHER THAN ENGLISH)**

**IS THIS FOREIGN LABOR CERTIFICATION JOB POSTING ?**
Yes

**FOREIGN LABOR CERTIFICATION TYPE**
H2B

**FOREIGN LABOR CERTIFICATION START DATE**
04/01/2019

**FOREIGN LABOR CERTIFICATION END DATE**
11/30/2019

**H2A/H2B CLOSING DATE**

**FEDERAL CONTRACTOR JOB LISTING (FCJL) JOB POSTING**
No

**IS COMPANY UNDER AFFIRMATIVE ACTION RULING**

No

**EXPERIENCE**

0 Months

**LICENSE TYPE**

None

**STATE**

**ENDORSEMENTS**

**EDUCATION LEVEL**

No formal schooling

**ASSIGNED STAFF**

---

# Job Site Details

EDIT

**ADDRESS LINE 1**

211 Thompsonville Road

**ADDRESS LINE 2**

**CITY**

McMurray

**STATE**

Pennsylvania

**ZIP CODE**

15317

**COUNTY**

Washington

**WORK SHIFT**

Day

**JOB TYPE**

Temporary/Seasonal

**INTERNSHIP TYPE**

**HOURS PER WEEK**

40.00

**MINIMUM SALARY**

13.77

**MAXIMUM SALARY**

13.77

**SALARY PER**

Hour

**COMMISSION**

None

**DISPLAY SALARY TO INDIVIDUALS**

Yes

**NUMBER OF OPENINGS**

20

**HOW MANY APPLICATIONS DO YOU WANT TO REVIEW?**

200

**ACTUAL NUMBER OF JOB REFERRALS**

**IS THIS JOB OPENING CONSIDERED TO BE A 'GREEN JOB'?**

No

## Contact Details

EDIT

**POINT OF CONTACT**

Hauber, Paul

**DO YOU REQUIRE AN APPLICATION TO BE SUBMITTED ON YOUR WEBSITE?**

No

**WOULD YOU LIKE PA CAREERLINK® STAFF ASSISTANCE FOR THIS JOB POSTING?**

Unassisted

**WOULD YOU LIKE TO DISPLAY YOUR COMPANY NAME?**

Yes

**FOLLOW-UP INSTRUCTIONS**

Forward Résumé by Fax to Primary Contact

Follow Special Instructions: To apply, fax resume to Evergreen Nursery, LLC dba McMurray Nursery at (724) 941-3511 or apply at the job order holding office: PA CareerLink - Washington County, 90 West Chestnut St., Ste 150 LL, Washington, PA 15301. Phone: (724) 223-4500

## Occupation Matching

EDIT

| Occupation Title | Minimum Required Experience | Certification Needed? | Primary Occupation | Skills Entered |
|---|---|---|---|---|
| Landscaping and Groundskeeping Workers | 0 Months | No | Yes | No |

## Matching Options

ADD MATCHING OPTION

## Screening Questionnaire

ADD QUESTIONNAIRE

PRINTER FRIENDLY VERSION

Close

Created On: 12/26/2018 1:36:28 PM
Created By: EMPLOYER
Last Updated On: 12/26/2018 2:06:00 PM
Updated By: EMPLOYER



OMB Approval: 1205-0509
Expiration Date: 05/31/2022

### H-2B Application for Temporary Employment Certification
### Form ETA-9142B
### U.S. Department of Labor

---

**IMPORTANT**: *Employers and authorized preparers must read the general instructions carefully before completing the Form ETA-9142B. A copy of the instructions can be found at <u>http://www.foreignlaborcert.doleta.gov/</u>. If you are not submitting this electronically, please complete <u>ALL</u> required fields/items containing an asterisk (\*) and any fields/items where a response is conditional as indicated by the section (§) symbol.*

---

## A. Nature of H-2B Application

| | |
|---|---|
| 1. Is the employer seeking to employ any H-2B workers under this application who will be <u>exempt</u> from the statutory numerical limit, or "cap," on the total number of foreign nationals who may be issued an H-2B visa or otherwise granted H-2B status? \* | ☐ Yes  ☑ No |

## B. Temporary Need Information

1. Job Title \* Landscape Laborer

| 2. SOC Code \* 37-3011.00 | 3. SOC Occupation Title \* Landscaping and Groundskeeping Workers |
|---|---|

| 4. Number of Workers \* 40 | 5. Begin Date \* *(mm/dd/yyyy)* 4/1/2020 | 6. End Date \* *(mm/dd/yyyy)* 12/1/2020 |
|---|---|---|

7. Nature of Temporary Need *(Choose only one)* \*
☑ Seasonal   ☐ Peakload   ☐ One-Time Occurrence   ☐ Intermittent

8. Statement of Temporary Need \* *(Must be disclosed on this form. One separate attachment will be accepted to fully complete the response.)*
Please See Addendum

## C. Employer Information

1. Legal Business Name \* Landscaping for Le$$, LLC

2. Trade Name/Doing Business As (DBA), if applicable § N/A

3. Address 1 \* 1205 Lucia Drive

4. Address 2 *(apartment/suite/floor and number)* §

| 5. City \* Canonsburg | 6. State \* Pennsylvania | 7. Postal Code \* 15317 |
|---|---|---|

| 8. Country \* United States Of America | 9. Province § |
|---|---|

| 10. Telephone Number \* +1 (724) 746-8779 | 11. Extension § |
|---|---|

| 12. Federal Employer Identification Number *(FEIN from IRS)* \* (b)(6) | 13. NAICS Code \* 56173 |
|---|---|

---

**Form ETA-9142B**     **FOR DEPARTMENT OF LABOR USE ONLY**     Page 1 of 8

H-2B Case Number: H-400-20002-223974    Case Status: Full Certification    Determination Date: 02/07/2020    Validity Period: 4/1/2020 to 12/1/2020

OMB Approval: 1205-0509
Expiration Date: 05/31/2022

H-2B Application for Temporary Employment Certification
Form ETA-9142B
**U.S. Department of Labor**



## D. Employer Point of Contact Information

*The information contained in this section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this section <u>must be different</u> from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer.*

| 1. Contact's Last (family) Name *<br>Beam | 2. First (given) Name *<br>Adam | 3. Middle Name(s) § |
|---|---|---|

| 4. Contact's Job Title *<br>Owner |
|---|

| 5. Address 1 *<br>1205 Lucia Drive |
|---|

| 6. Address 2 *(apartment/suite/floor and number)* § |
|---|

| 7. City *<br>Canonsburg | 8. State *<br>Pennsylvania | 9. Postal Code *<br>15317 |
|---|---|---|

| 10. Country *<br>United States Of America | 11. Province § |
|---|---|

| 12. Telephone Number *<br>+1 (724) 746-8779 | 13. Extension § | 14. Business Email Address *<br>N/A |
|---|---|---|

## E. Attorney or Agent Information (If applicable)

| 1. Indicate the type of representation for the employer in the filing of this application. *<br>Complete the remainder of this section if "Attorney" or "Agent" is marked. | ☐ Attorney ☑ Agent ☐ None |
|---|---|

| 2. Attorney or Agent's Last (family) Name §<br>Kenefick | 3. First (given) Name §<br>Devon | 4. Middle Name(s) §<br>R. |
|---|---|---|

| 5. Address 1 §<br>400 Front Street |
|---|

| 6. Address 2 *(apartment/suite/floor and number)*§<br>P.O. Box 507 |
|---|

| 7. City §<br>Lovingston | 8. State §<br>Virginia | 9. Postal Code §<br>22949 |
|---|---|---|

| 10. Country §<br>United States Of America | 11. Province § |
|---|---|

| 12. Telephone Number §<br>+1 (434) 263-4300 | 13. Extension § | 14. Law Firm/Business Email Address §<br>campbell1128@maslabor.com |
|---|---|---|

| 15. Law Firm/Business Name §<br>MAS Labor H2B, LLC | 16. Law Firm/Business FEIN §<br>(b)(6) |
|---|---|

| **If "Attorney" is marked in question E.1, complete questions 17 to 19 below.** | |
|---|---|
| 17. State Bar Number(s) § | 18. State of highest court where attorney is in good standing § |

19. Name of the highest state court where attorney is in good standing §

| **If "Agent" is marked in question E.1, complete questions 20 and 21 below.** | |
|---|---|
| 20. Is a copy of the current agreement or other documentation demonstrating the agent's authority to represent the employer in this application attached? § | ☑ Yes ☐ No |
| 21. Is a copy of the agent's current Migrant and Seasonal Agricultural Worker Protection Act (MSPA) Certificate of Registration identifying the farm labor contracting activities the agent is authorized to perform attached to this application? § | ☐ Yes ☐ No ☑ N/A |

OMB Approval: 1205-0509
Expiration Date: 05/31/2022

H-2B Application for Temporary Employment Certification
Form ETA-9142B
**U.S. Department of Labor**



---

**F. Employment and Wage Information**

**a. Job Opportunity and Minimum Requirements**

| 1. Indicate whether a copy of the job order submitted to the State Workforce Agency (SWA) satisfying the requirements at 20 CFR 655.18 is attached to this application. * | ☑ Yes ☐ No |
|---|---|

| 2. Name of the State * Pennsylvania | 3. Date Job Order Submitted * | 1/2/2020 |
|---|---|---|

4. Job Duties – Description of the specific services or labor to be performed. *
*(All job duties must be disclosed on this form. One separate attachment will be accepted to fully complete the response.)*
Landscape or maintain grounds of property using hand or power tools or equipment. Workers typically perform a variety of tasks, which may include any combination of the following: sod laying, mowing, trimming, planting, watering, fertilizing, digging, raking, assist w/ installation of mortarless segmental concrete masonry wall units. Entry level, requires supervision.

| 5. Anticipated days and hours of work per week *(an entry is required for each box below)* * | | | | | | | | 6. Hourly work schedule * | |
|---|---|---|---|---|---|---|---|---|---|
| 40 | **a. Total Hours** | 8 | c. Monday | 8 | e. Wednesday | 8 | g. Friday | a. _7_ : _00_ | ☑ AM ☐ PM |
| 0 | b. Sunday | 8 | d. Tuesday | 8 | f. Thursday | 0 | h. Saturday | b. _3_ : _30_ | ☐ AM ☑ PM |

7. Education: minimum U.S. diploma/degree required. *
☑ None ☐ High School/GED ☐ Associate's ☐ Bachelor's ☐ Master's ☐ Doctorate (PhD) ☐ Other degree (JD, MD, etc.)

| 8. Training: number of <u>months</u> required. * | 0 | 9. Work Experience: number of <u>months</u> required. * | 0 |
|---|---|---|---|

| 10. Supervision: does this position supervise the work of other employees? * | ☐ Yes ☑ No | 10a. If "Yes" to question 10, enter the number of employees worker will supervise.§ | 0 |
|---|---|---|---|

11. Special Requirements - List specific skills, licenses/certifications, field(s) of training, and requirements of the job. *
Please See Addendum

---

Form ETA-9142B        **FOR DEPARTMENT OF LABOR USE ONLY**        Page 3 of 8

H-2B Case Number: H-400-20002-223974    Case Status: Full Certification    Determination Date: 02/07/2020    Validity Period: 4/1/2020 to 12/1/2020

*OMB Approval: 1205-0509*
*Expiration Date: 05/31/2022*

H-2B Application for Temporary Employment Certification
Form ETA-9142B
**U.S. Department of Labor**



## b. Place of Employment and Wage Information

| | |
|---|---|
| 1. Worksite Address *  103 McBurney Road | |

2. Worksite Address § *(apartment/suite/floor and number)*

| 3. City *  Canonsburg | 4. State *  Pennsylvania | 5. Postal Code *  15317 |
|---|---|---|

| 6. County *  Washington | 7. Metropolitan Statistical Area (MSA) Name/OES Area Title *  PITTSBURGH, PA |
|---|---|

| 8. Basic Wage Rate Paid * | 8a. Overtime Wage Rate Paid § |
|---|---|
| From: $  13 . 95  *  To: $  . | From: $  20 . 93  To: $  . |

| 9. Per *(Choose only one)* * | 9a. Additional conditions about the wage rate to be paid. § |
|---|---|
| ☑ Hour  ☐ Week  ☐ Bi-Weekly  ☐ Month  ☐ Year  ☐ Piece Rate | Raises and/or bonuses may be offered based on individual factors including work per |

| **DOL Prevailing Wage Determination (PWD) Information** | | |
|---|---|---|
| 10. 1st PWD Case Number *  P-400-19213-032293 | 10a. 2nd PWD Case Number § | 10b. 3rd PWD Case Number § |

| 11. If a valid PWD has not been obtained due to an emergency situation under 20 CFR 655.17, indicate whether a completed Form ETA-9141 is attached to this application. § | ☐ Yes  ☑ No  ☐ N/A |
|---|---|

## c. Additional Place of Employment and Wage Information

| 1. | Will work be performed at worksite locations other than the one identified in Section F.b.? * | ☑ Yes  ☐ No |
|---|---|---|
| 2. | If "Yes" is marked in question F.c.1, indicate whether a completed **Appendix A** is attached to this application. § | ☑ Yes  ☐ No |

## d. Other Material Terms and Conditions of the Job Offer

| 1. | **Daily Transportation:** Workers will be provided with daily transportation to and from the worksite in compliance with all applicable Federal, State and local laws and regulations. * | ☑ Yes  ☐ N/A |
|---|---|---|
| 2. | **Overtime Available:** Overtime hours will be available to the workers and payable at the rate disclosed in Section F.b.8a of this application. * | ☑ Yes  ☐ N/A |
| 3. | **On-the-Job Training Available:** Workers will be provided with on-the-job training to perform the duties assigned. * | ☑ Yes  ☐ N/A |
| 4. | **Employer-Provided Tools and Equipment:** Workers will be provided, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. * | ☑ Yes  ☐ N/A |
| 5. | **Board, Lodging, or Other Facilities:** Workers will be provided with board, lodging, or other facilities and/or the employer will assist workers in securing board, lodging, or other facilities. * | ☑ Yes  ☐ N/A |
| 6. | **Deductions From Pay:** State all deduction(s) from pay and, if known, the amount(s). *  Please See Addendum | |

## e. Recruitment Information

| 1. Telephone Number to Apply *  N/A | 2. Email Address to Apply *  abkc02@msn.com |
|---|---|

| 3. Website address (URL) to Apply *  https://www.pacareerlink.pa.gov |
|---|

OMB Approval: 1205-0509
Expiration Date: 05/31/2022

H-2B Application for Temporary Employment Certification
Form ETA-9142B
**U.S. Department of Labor**



## G. Other Supporting Documentation

| | | |
|---|---|---|
| 1. | Type of Employer Application *(Choose only one)* * | ☑ Individual Employer ☐ Job Contractor – Joint Employer |
| 2. | Is a copy of the employer's current MSPA Certificate of Registration identifying the farm labor contracting activities the employer is authorized to perform attached to this application? * | ☐ Yes ☐ No ☑ N/A |

| **If "Job Contractor – Joint Employer" is marked in question G.1, complete questions 3 and 4 below.** |
|---|

| | | |
|---|---|---|
| 3. | Indicate whether a completed **Appendix D** identifying the employer-client has been completed. § | ☐ Yes ☐ No |
| 4. | Indicate whether an executed contract or other agreement exists between the job contractor and the employer-client establishing a bona fide relationship to the workers sought under this application. § | ☐ Yes ☐ No |

| **Foreign Labor Recruiter Information** |
|---|

| | | |
|---|---|---|
| 5. | Is the employer, and its attorney or agent, as applicable, engaging or planning to engage any agent(s) or recruiter(s) in the recruitment of prospective H-2B workers, regardless of whether such agent(s) or recruiter(s) is (are) located in the U.S. or abroad? * | ☑ Yes ☐ No |
| 6. | Indicate whether a copy of all agreements with any agent or recruiter whom you are engaging or planning to engage in the recruitment of H-2B workers is attached to this application. * | ☑ Yes ☐ No ☐ N/A |
| 7. | Indicate whether a completed **Appendix C** providing the identity and location of all persons and entities hired by or working for the agent or recruiter subject to the agreement(s), including any of the agents or employees of those persons and entities, is attached to this application. * | ☑ Yes ☐ No ☐ N/A |

## H. Declaration of Employer and Attorney/Agent

*In accordance with Federal regulations, the employer(s) must attest to abide by certain terms, assurances, and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor. Applications that fail to attach Appendix B will not be certified by the Department.*

| | | |
|---|---|---|
| 1. | Please confirm that you have read and agree to all the applicable terms, assurances, and obligations contained in **Appendix B** and have attached a signed and dated copy of Appendix B with this application. * | ☑ Yes ☐ No |
| 2. | Please confirm that the employer-client identified in Appendix D has read and agrees to all the applicable terms, assurances, and obligations contained in **Appendix B** and has attached a separate signed and dated copy of Appendix B with this application. * | ☐ Yes ☐ No ☑ N/A |

## I. Preparer

*Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or Section E (attorney or agent) of this application.*

| 1. Last (family) Name § Campbell | | 2. First (given) Name § Michele | 3. Middle Initial § |
|---|---|---|---|
| 4. Law Firm/Business FEIN § 20-4064347 | 5. Law Firm/Business Name § MAS Labor H2B, LLC | | |
| 6. Law Firm/Business Email Address § campbell1128@maslabor.com | | | |

**Public Burden Statement** *(1205-0509)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 2 hours and 10 minutes to complete the form and its appendices, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the needed data, and completing and reviewing the collection of information. The burden estimate is as follows: 9142B- 55 minutes, Appendix A- 15 minutes, Appendix B- 15 minutes, Appendix C- 20 minutes, Appendix D- 10 minutes, and recordkeeping- 15 minutes. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101 et seq.). Please send comments regarding this burden estimate or any other aspect of this information collection to the U.S. Department of Labor * Employment and Training Administration * Office of Foreign Labor Certification * 200 Constitution Ave., NW * Box PPII 12-200 * Washington, DC * 20210 or by email to ETA.OFLC.Forms@dol.gov. **Please do not send the completed application to this address.**

**Form ETA-9142B**     **FOR DEPARTMENT OF LABOR USE ONLY**     Page 5 of 8

H-2B Case Number: H-400-20002-223974    Case Status: Full Certification    Determination Date: 02/07/2020    Validity Period: 4/1/2020 to 12/1/2020

OMB Approval: 1205-0509
Expiration Date: 5/31/2022

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
**U.S. Department of Labor**



---

**ADDENDUM**
Section B.8: Statement of Temporary Need

ADDENDUM FOR SECTION B.8: STATEMENT OF TEMPORARY NEED

H-2B DETAILED STATEMENT OF TEMPORARY NEED
NATURE OF BUSINESS
LANDSCAPING FOR LESS, LLC (ESTABLISHED IN 2006) IS A LANDSCAPE CONTRACTOR PRIMARILY ENGAGED IN COMMERCIAL AND RESIDENTIAL LANDSCAPE SERVICES. WE GENERALLY PERFORM THIS NON-AGRICULTURAL SEASONAL WORK FROM SPRING THROUGH THE SUBSEQUENT FALL. OUR H-2B DATES OF NEED ARE CONSISTENT WITH THE REGULARLY RECURRING ANNUAL BUSINESS CYCLE CUSTOMARY TO OUR INDUSTRY AND LOCATION.
TEMPORARY NEED
OUR LABOR NEED DOES NOT EXCEED TEN MONTHS (CONSISTENT WITH USCIS DEFINITION), IS TEMPORARY IN NATURE, AND IS BASED ON THE SEASONALITY OF LANDSCAPING IN OUR AREA OF INTENDED EMPLOYMENT. OUR BUSINESS IS DEPENDENT ON ANNUALLY-RECURRING NATURAL CONDITIONS, INCLUDING WEATHER, SUNLIGHT, AND TEMPERATURE. WE REQUIRE WORKERS SEASONALLY IN THE MONTHS WHEN WE RELIABLY PERFORM THE BULK OF OUR FULL-TIME WORK ACTIVITIES; OUR WORKLOAD INCREASES DRAMATICALLY WITH THE ONSET OF WARM WEATHER.
OPERATIONS TYPICALLY BEGIN WITH WINTER CLEAN-UP, PLANTING PREPARATION, AND EQUIPMENT MAINTENANCE. DUTIES SUCH AS MOWING, MULCHING, TRIMMING, FERTILIZING, PLANTING, AND WEEDING PEAK IN THE SPRING AND ARE ONGOING THROUGHOUT THE FAIR-WEATHER MONTHS. IN THE FALL, MOWING SLOWS DOWN AND SEASONAL CLEAN-UP OF LEAVES AND PLANTING BEDS BEGIN.
OUR TEMPORARY NEED FOR H-2B WORKERS CEASES WITH THE ONSET OF INCLEMENT WEATHER, WHEN IT BECOMES TOO COLD AND/OR WET TO RELIABLY WORK OUTDOORS. GRASS, PLANTS, TREES, AND SHRUBS ARE DORMANT DURING THE WINTER MONTHS AND REQUIRE LITTLE CARE. THIS SEASONAL PATTERN IS BOTH PREDICTABLE AND RECURRING IN NATURE.
(CONTINUED ON ATTACHED/UPLOADED PAGES)

---

OMB Approval: 1205-0509
Expiration Date: 5/31/2022

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
### U.S. Department of Labor



---

**ADDENDUM**
Section F.a.11: Special Requirements

ADDENDUM FOR SECTION F.A.11: SPECIAL REQUIREMENTS

MUST LIFT/CARRY 50 LBS, WHEN NECESSARY. SATURDAY AND SUNDAY WORK REQUIRED, WHEN NECESSARY. POST-HIRE RANDOM, POST-ACCIDENT AND UPON SUSPICION OF USE DRUG TESTING REQUIRED OF FOREIGN AND DOMESTIC WORKERS.

---

OMB Approval: 1205-0509
Expiration Date: 5/31/2022

### H-2B Application for Temporary Employment Certification
### ETA Form 9142B
### U.S. Department of Labor



---

**ADDENDUM**
Section F.d.6: Deductions from Pay

ADDENDUM FOR SECTION F.D.6: DEDUCTIONS FROM PAY

THE EMPLOYER WILL MAKE ALL DEDUCTIONS FROM WORKER'S PAYCHECK REQUIRED BY LAW. THE EMPLOYER DOES NOT ENVISION OTHER WORKFORCE-WIDE PAYROLL DEDUCTIONS. POTENTIAL ELECTIVE DEDUCTIONS TO BE PRE-AUTHORIZED IN WRITING IF APPLICABLE ARE AS FOLLOWS: IF NEEDED, EMPLOYER WILL ASSIST IN ARRANGING OPTIONAL WORKER-PAID LODGING FOR HIRED FOREIGN AND NON-LOCAL U.S. WORKERS. EMPLOYER WILL DEDUCT FOR THE REASONABLE FAIR MARKET VALUE COST OF RENT AND UTILITIES BASED ON NUMBER OF OCCUPANTS FOR WORKERS WHO VOLUNTARILY ELECT TO LIVE IN EMPLOYER-OFFERED HOUSING. EMPLOYER WILL OFFER DAILY TRANSPORTATION TO AND FROM THE WORKSITE FROM A CENTRALIZED DESIGNATED PICK-UP PLACE AT NO COST TO WORKERS.  USE OF THIS TRANSPORTATION IS VOLUNTARY.

---

OMB Approval: 1205-0509
Expiration Date: 05/31/2022

H-2B Application for Temporary Employment Certification
Form ETA 9142B – Appendix B
**U.S. Department of Labor**



## For Use in Filing Applications Under the H-2B Non-Agricultural Program **ONLY**[1]

### A. Attorney or Agent Declaration

*I hereby declare under penalty of perjury that I am an attorney for the employer, or that I am an employee of, or hired by, the employer listed in Section C of the Form ETA-9142B, and that I have been designated by that employer in accordance with 20 CFR 655.8 to act on its behalf in connection with this application, as evidenced by the attached agency agreement.*

*I HEREBY CERTIFY that I have provided to the employer the Form ETA-9142B and all supporting documentation for review and to the best of my knowledge the information contained herein is true and accurate, including the employer's declaration regarding activities I have undertaken on the employer's behalf in connection with this application. I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. 2, 1001, 1546, 1621).*

| 1. Attorney or Agent's Last (family) Name * | 2. First (given) Name * | 3. Middle Initial § |
|---|---|---|
| Kenefick | Devon | R |
| 4. Firm/Business Name *   MAS Labor H2B, LLC | | |
| 5. Signature *   Devon Kenefick | 6. Date Signed *   01/02/2020 | |

### B. Employer Declaration

*By virtue of my initials and signature below, I HEREBY CERTIFY my knowledge of and compliance with the following conditions of employment applicable to H-2B workers and/or U.S. workers who are hired during the recruitment period for positions covered by this application, including any approved extension thereof:*

**Initials**

 1. The job opportunity is a bona fide, full-time temporary position (of at least 35 hours per workweek), the qualifications and requirements for which are consistent with the normal and accepted qualifications and requirements imposed by non-H-2B employers in the same or comparable occupations and area of intended employment. The employer has listed all qualifications and requirements in the job order.

 2. There is no strike or lockout at any of the employer's worksites within the area of intended employment for which the employer is requesting an H-2B certification.

 3. The job opportunity was/is open to any qualified U.S. worker until 21 days before the date of need regardless of race, color, national origin, age, sex, religion, disability, or citizenship. U.S. workers who apply for the job will be hired, unless the employer has a lawful, job-related reason(s) for the rejection, and the employer will retain records of all rejections.

 4. The employer has not/will not offer terms, wages, and working conditions to U.S workers that are less favorable than those offered or will be offered to H-2B workers or impose restrictions or obligations on U.S. workers that are not imposed on H-2B workers. This does not relieve the employer from providing H-2B workers with at least the minimum benefits, wages, and working conditions that must be offered to U.S. workers under 20 CFR 655.18, except for those required by 20 CFR 655.18(b)(17).

 5. The offered wage equals or exceeds the highest of the applicable Federal, State, or local minimum wage, or the prevailing wage determination for the occupation that is issued by the Department to the employer, as reflected on the employer's approved Application for Temporary Employment Certification, for the time period the work is performed. If, after the issuance of a prevailing wage determination, the Department issues a new or revised prevailing wage determination that is assigned to the employer's application or certified period of employment, the employer must offer a wage that equals or exceeds the highest of the new prevailing wage or the applicable Federal, State, or local minimum wage, unless notified otherwise by the Department. The employer will pay at least the offered wage, free and clear, either in cash or in a negotiable instrument payable at par, during the entire period of this application. The employer must use a single workweek as its standard for computing wages due.

---

[1] *The Department of Labor Appropriations Act, 2016, Division H, Title I of Public Law 114-113 ("2016 DOL Appropriations Act"), prohibited the Department of Labor ("Department") from using any funds to enforce the definition of corresponding employment found in 20 CFR 655.5 or the three-fourths guarantee rule definition found in 20 CFR 655.20, or any reference thereto. See Sec. 113. This appropriations rider has been included in the continuing resolutions that have passed throughout FY 2017 and FY 2018, as well as in the Department of Labor Appropriations Act, 2018, Division H, Title I of Public Law 115-141 ("2018 DOL Appropriations Act"). Therefore, in order to comply, the Department has removed references to these provisions from the Form ETA-9142B – Appendix B. However, the 2016 DOL Appropriations Act, continuing resolutions, and 2018 DOL Appropriations Act did not vacate these regulatory provisions, and they remain in effect, thus imposing a legal duty on H-2B employers, even though the Department will not use any funds to enforce them until such time as the appropriations rider may be lifted.*

OMB Approval: 1205-0509
Expiration Date: 05/31/2022

H-2B Application for Temporary Employment Certification
Form ETA 9142B – Appendix B
**U.S. Department of Labor**





6. The offered wage is not based on commissions, bonuses or other incentives, unless the employer guarantees a wage earned every workweek that equals or exceeds the offered wage. The employer guarantees to supplement a piece rate wage if at the end of the workweek, the piece rate does not result in average hourly piece rate earnings during the workweek at least equal to the offered wage.

7. During the period of employment that is the subject of this application, the employer will comply with applicable Federal, State and local employment-related laws and regulations, including, but not limited to, employment-related health and safety laws, 20 CFR 655, Subpart A, 29 CFR 503, and all applicable provisions of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. In addition, the employer and its agents and attorneys are prohibited from holding or confiscating workers' passports, visas, or other immigration documents pursuant to 18 U.S.C. 1592(a).

8. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation and area of intended employment within the period beginning 120 days before the date of need through the end of the period of certification, unless the layoff is for lawful, job-related reasons and all H-2B workers are laid off first.

9. The employer and its agents, attorneys, and/or employees have not sought or received, and will not seek to receive, payment of any kind from the worker for any activity related to obtaining certification or employment, including, but not limited to, payment of the employer's attorney or agent fees, application or petition fees, or recruitment costs. Payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

10. Upon the separation from employment of any H-2B or U.S. worker(s) employed under this application, if such separation occurs prior to the end date of the employment specified in this application, the employer will notify the Department in writing of the separation from employment not later than two work days after such separation is discovered by the employer. The employer will also notify DHS in writing (or any other manner specified by DHS) of such separation of an H-2B worker.

11. The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment or in a job classification not listed on the approved application unless the employer has obtained a new approved Form ETA-9142B.

12. The employer has accurately represented its temporary need, as defined in 8 CFR 214.2(h)(6)(ii)(B), including the number of workers requested and dates of employment, on the Form ETA-9142B, job order, or an H-2B Registration, as applicable, and been granted the H-2B Registration, when applicable.

13. The employer will make all deductions from workers' paychecks required by law and only those additional authorized and reasonable deductions disclosed in the job order. Deductions not disclosed will be prohibited. Reasonableness of authorized deductions is determined under the principles stated in 29 CFR 531. The wage payment requirement in conditions 5 and 6 of this Declaration will not be met where unauthorized or unreasonable deductions, deposits, rebates, or refunds reduce the wage payment below the offered wage or where the worker "kicks back" any part of the wages to the employer or another person for the employer's benefit.

14. The employer has specified in the job order any applicable minimum productivity standard which the workers must meet in order to retain the job. With respect to any applicable productivity standard, the employer is able to demonstrate that such standard is normal and usual for non-H-2B employers for the same occupation in the area of intended employment.

15. If, before the expiration date specified in the job order, the services of a worker are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God, or similar unforeseeable man-made catastrophic event, the employer may terminate the job order with written approval of the Certifying Officer, and will make efforts to transfer the workers to comparable employment, or if transfer is not effected, provide return transportation for the worker as specified in the regulations.

16. The employer will keep a record of workers' earnings and provide the workers with earnings statements as required by 20 CFR 655.20(i) on or before each payday, which must be at least every two weeks or according to the prevailing practice in the area of intended employment, whichever is more frequent.

17. The employer has disclosed how it will provide transportation and subsistence costs in the job order. The employer will either advance all visa, visa-related, border crossing, subsistence, and transportation expenses to workers traveling to the employer's worksite from the workers' place of recruitment, pay for them directly, or reimburse such expenses, other than travel and subsistence, in the first workweek and reimburse the remainder of the expenses no later than the time workers complete 50 percent of the period covered by the job order. (Advancement of transportation and subsistence costs to U.S. workers employed under this application is required when it is the prevailing practice of non H-2B employers in the occupation in the area of intended employment or when the employer extends such benefits to similarly situated H-2B workers.) Provided that workers work until the end of the certified period of employment or are dismissed from employment for any reason before the end of that period, the employer will pay for such workers' return transportation to the place of recruitment and daily subsistence if the workers have no immediate subsequent H-2B employment. All employer-provided transportation must comply with all applicable Federal, State, and local laws and regulations.

18. The employer will provide to workers, without charge or deposit, all tools, supplies, and equipment required to perform the duties assigned.

19. The employer will provide a copy of the job order to all H-2B workers no later than when the worker applies for a visa if located abroad, no later than the time of the job offer by the subsequent H-2B employer if the H-2B worker is changing employment from one H-2B employer to a subsequent H-2B employer, and to U.S. workers employed under this application no later than on the day work commences. The disclosure must be in a language understood by the workers, as necessary or reasonable.

OMB Approval: 1205-0509
Expiration Date: 05/31/2022

H-2B Application for Temporary Employment Certification
Form ETA 9142B – Appendix B
U.S. Department of Labor





___AB___ 20. The employer has posted a Department-provided poster detailing H-2B and U.S. workers' rights and protections in a conspicuous location at the place of employment. The employer will request and post additional posters in languages common to a significant portion of the workers if they are not fluent in English.

___AB___ 21. The employer has and will not (and has not and will not cause another person to) intimidate, threaten, restrain, coerce, blacklist, discharge, or in any other manner discriminate against any person who, with respect to 8 U.S.C. 1184(c), 20 CFR 655, Subpart A, 29 CFR 503, or any other Department regulation promulgated thereunder, has filed a complaint; instituted or caused to be instituted any proceeding; testified or is about to testify; consulted with a worker's center, community organization, or labor union, legal assistance program, or attorney; or exercised or asserted on behalf of himself/herself or others any right or protection.

___AB___ 22. The employer has and will contractually forbid in writing any agent or recruiter (or any agent or employee of such agent or recruiter) whom the employer engages, directly or indirectly, in international recruitment of H-2B workers to seek or receive payments or other compensation from prospective workers. The employer and its attorney and/or agent have provided with this application to the Department a copy of all agreements with any agent or recruiter whom it engages or plans to engage in the international recruitment of H-2B workers, as well as the identity and location of all persons or entities hired by or working for the agent or recruiter, and any of their agents or employees, to recruit prospective foreign workers for the H-2B job opportunities offered by the employer.

___AB___ 23. The employer will conduct all required recruitment activities pursuant to 20 CFR 655.40 through 655.46 including but not limited to: additional recruitment if required by the Certifying Officer and contacting all of its former U.S. workers employed in the occupation at the place of employment during the previous year, disclosing the terms of the job order, and soliciting their return, unless they were dismissed for cause or abandoned the worksite.

___AB___ 24. The employer has and will continue to cooperate with the SWA by accepting referrals and will hire all qualified and eligible U.S. workers who apply for the job opportunity until 21 days before the date of need.

___AB___ 25. The employer will cooperate with any agent or employee of the Secretary of Labor who is exercising or attempting to exercise the Department's authority pursuant to 8 U.S.C. 1184(c), including investigations as described in 29 CFR 503.25.

___AB___ 26. The employer will retain all documents pertaining to this application and registration, the recruitment-related documents, the payroll records, and related documents for three years as required by the regulations at 20 CFR 655.56 and 29 CFR 503.17.

I **hereby designate** the agent or attorney identified in Section E (if any) of the Form ETA-9142B to represent me for the purpose of labor certification and, by virtue of my signature in Block 5 below, I **take full responsibility** for the accuracy of any representations made by my agent or attorney on every page of the Form ETA-9142B and documentation supporting this application.

I **declare** under penalty of perjury that I have read and reviewed this application, **including every page of the Form ETA-9142B and supporting documentation**, and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. 2, 1001, 1546, 1621).*

| 1. Last (family) Name *  Beam | 2. First (given) Name *  Adam | 3. Middle Initial § |
|---|---|---|
| 4. Title *  Owner | | |
| 5. Signature | | 6. Date Signed *  01/02/2020 |

**Public Burden Statement** *(1205-0509)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 2 hours and 10 minutes to complete the form and its appendices, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the needed data, and completing and reviewing the collection of information. The burden estimate is as follows: 9142B- 55 minutes, Appendix A- 15 minutes, Appendix B- 15 minutes, Appendix C- 20 minutes, Appendix D- 10 minutes, and recordkeeping- 15 minutes. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101 et seq.). Please send comments regarding this burden estimate or any other aspect of this information collection to the U.S. Department of Labor * Employment and Training Administration * Office of Foreign Labor Certification * 200 Constitution Ave., NW * Box PPII 12-200 * Washington, DC * 20210 or by email to ETA.OFLC.Forms@dol.gov. **Please do not send the completed application to this address.**

# Job Posting: Review

## Employer Details

**LEGAL NAME**

Landscaping for Le$$, LLC

**DOING BUSINESS AS**

Landscaping for Le$$, LLC

**ADDRESS**

1205 Lucia DR
Canonsburg, PA 15317-1817

**PHONE**

724-746-8779

## Basic Details

**APPROVAL STATUS**

Pending

**JOB POSTING STATUS**

New

**JOB POSTING NUMBER**

13500526

**POSTING DATE**

12/8/2019 11:05:17 AM

**JOB TITLE**

Landscape Laborer

**JOB SUMMARY**

JOB SUMMARY:

Landscape Laborer.  40 temporary/full-time positions with Landscaping for Le$$, LLC  from 4/1/2020 - 12/1/2020.

Landscape or maintain grounds of property using hand or power tools or equipment. Workers typically perform a variety of tasks, which may include any combination of the following: sod laying, mowing, trimming, planting, watering, fertilizing, digging, raking, assist w/ installation of mortarless segmental concrete masonry wall units. Entry level, requires supervision.

Must lift/carry 50 lbs., when necessary. Saturday and Sunday work required, when necessary. Post-hire random, post-accident and upon suspicion of use drug testing required of foreign and domestic workers.

On-the-job training will be provided to the worker.

Employer pays in advance or reimburses workers in the first workweek for all government-mandated and visa-related fees (excluding passport fees). For non-local workers (i.e., residing outside normal commuting distance), employer reimburses inbound travel costs no later than upon completion of the first half of the contract (the 50 percent point). Inbound travel includes transportation costs from worker's permanent residence or place of recruitment to the place of employment, a daily subsistence for meals, and reasonable lodging costs, if applicable. Subsistence reimbursements based on rates specified in the Federal Register (currently $12.46 per day minimum, or $55.00 per day maximum for workers with acceptable receipts). Transportation reimbursements based on worker's actual cost, not to exceed the most economical common carrier transportation costs for distances involved. Employer provides or pays outbound travel costs to same workers upon completion of the contract period or early dismissal, except where the worker has subsequent employment.

Employer guarantees to offer hours equal to at least three-fourths of the workdays in each 12-week period of the total contract period, beginning with the first workday after the worker arrives at the place of employment and ending on the contract end date or any extension thereof. Employer may count all hours worked, as well as any hours offered within the standard work schedule that a worker chooses to not work, up to the maximum number of daily hours on the job order.

Workers who voluntarily abandon employment are not entitled to payment for outbound travel costs or the full three-fourths period guarantee described above.

Employer will provide without charge company-specific uniform and all tools, supplies and equipment necessary to perform duties assigned. If needed, employer will assist in arranging optional worker-paid lodging for hired foreign and non-local U.S. workers.

JOB LOCATION:

103 McBurney Road, Canonsburg, PA 15317 and multiple worksites within Allegheny, Beaver, Butler, Fayette, Greene, Washington and Westmoreland counties.

Employer will offer daily transportation to and from the worksite from a centralized designated pick-up place at no cost to workers. Use of this transportation is voluntary. Employer provides incidental transport between job sites.

WAGE INFORMATION:

Wage rate is no less than $ 13.95 per Hour. Overtime hours vary at: $ 20.93 per Hour.

Raises and/or bonuses may be offered to any worker in the specified occupation, at the company's sole discretion, based on individual factors including work performance, skill, and tenure. A single workweek will be used to compute wages due. The payroll period is weekly. Workers are paid by check on Friday. The standard work schedule is from 7:00 AM until 3:30 PM, Monday through Friday.

Employer will offer 40 hours per week. Employer may offer more than the stated work hours, depending on weather, business needs, and other conditions. Extreme heat, cold, rain, or drought may affect exact working hours.

Employer makes all payroll deductions required by law. Employer does not envision other workforce-wide payroll deductions.  Voluntary deductions must be pre-authorized in writing and may include the following:  Employer will deduct for the reasonable fair market value cost of rent and utilities based on number of occupants for workers who voluntarily elect to live in employer-offered housing.

REFERRAL INSTRUCTIONS:

State Workforce Agencies (SWAs) may only refer for employment individuals who have been apprised of all the material terms and conditions of employment and who are qualified and will be available for employment.  The actual employment offer is at the sole discretion of the employer.  Referrals will be accepted from the SWAs, directly from applicants, or from other sources. Applicants must possess documentation required to enable the employer to comply with the employment verification requirements of IRCA.

To apply, call Landscaping for Le$$, LLC  at 724-746-8779  or apply at the job order holding office: PA CareerLink - Washington County, 90 West Chestnut St., Ste 150 LL Washington, PA 15301, phone (724) 223-4500.

**JOB TITLE (OTHER THAN ENGLISH)**

**JOB SUMMARY (OTHER THAN ENGLISH)**

**IS THIS FOREIGN LABOR CERTIFICATION JOB POSTING ?**

Yes

**FOREIGN LABOR CERTIFICATION TYPE**

H2B

**FOREIGN LABOR CERTIFICATION START DATE**

04/01/2020

**FOREIGN LABOR CERTIFICATION END DATE**

12/01/2020

**H2A/H2B CLOSING DATE**

**FEDERAL CONTRACTOR JOB LISTING (FCJL) JOB POSTING**

No

**IS COMPANY UNDER AFFIRMATIVE ACTION RULING**

No

**EXPERIENCE**

0 Months

**LICENSE TYPE**

None

**STATE**

**ENDORSEMENTS**

**EDUCATION LEVEL**

No formal schooling

**ASSIGNED STAFF**

---

## Job Site Details

EDIT

**ADDRESS LINE 1**

103 Mcburney RD

**ADDRESS LINE 2**

**CITY**

Canonsburg

**STATE**

Pennsylvania

**ZIP CODE**

15317

**COUNTY**

Washington

**WORK SHIFT**

Day

**JOB TYPE**

Temporary/Seasonal

**INTERNSHIP TYPE**

**HOURS PER WEEK**

40.00

**MINIMUM SALARY**

13.95

**MAXIMUM SALARY**

13.95

**SALARY PER**

Hour

**COMMISSION**

None

**DISPLAY SALARY TO INDIVIDUALS**

Yes

**NUMBER OF OPENINGS**

40

**HOW MANY APPLICATIONS DO YOU WANT TO REVIEW?**

300

**ACTUAL NUMBER OF JOB REFERRALS**

**IS THIS JOB OPENING CONSIDERED TO BE A 'GREEN JOB'?**

No

---

# Contact Details

EDIT

**POINT OF CONTACT**

Beam, Adam

**DO YOU REQUIRE AN APPLICATION TO BE SUBMITTED ON YOUR WEBSITE?**

No

**WOULD YOU LIKE PA CAREERLINK® STAFF ASSISTANCE FOR THIS JOB POSTING?**

Unassisted

**WOULD YOU LIKE TO DISPLAY YOUR COMPANY NAME?**

Yes

**FOLLOW-UP INSTRUCTIONS**

Call Primary Contact Phone Number
Follow Special Instructions: To apply, call Landscaping for Le$$, LLC at 724-746-8779 or apply at the job order holding office: PA CareerLink - Washington County, 90 West Chestnut St., Ste 150 LL Washington, PA 15301, phone (724) 223-4500.

## Occupation Matching

[EDIT]

| Occupation Title | Minimum Required Experience | Certification Needed? | Primary Occupation | Skills Entered |
|---|---|---|---|---|
| Landscaping and Groundskeeping Workers | 0 Months | No | Yes | No |

## Matching Options

[ADD MATCHING OPTION]

## Screening Questionnaire

[ADD QUESTIONNAIRE]

[PRINTER FRIENDLY VERSION]

[Close]

Created On: 12/8/2019 11:05:17 AM
Created By: EMPLOYER
Last Updated On: 12/26/2019 2:01:35 PM
Updated By: EMPLOYER

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jose Santana Alcaraz; Luis Hernandez Silva; and Jose Arevalo Mendoza

## DEFENDANTS

Schmidt Landscaping, Inc.; Gary E. Schmidt; Therese Schmidt; Alejandro Bravo Coria, Sr.; Evergreen Nursery, LLC; Paul Hauber; Landscaping for Le$$, LLC; Adam Beam; and Michael Pantely

**(b)** County of Residence of First Listed Plaintiff    Allegheny County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Washington County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lerae Kroon, Justice at Work, 5907 Penn Avenue, Suite 320, Pittsburgh, PA 15206, Telephone: (412) 218-6886. See attachment for additional attorneys.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act (29 U.S.C. §§201 et. seq.); Trafficking Victims Protection Act (18 U.S.C. §§ 1581, et seq.)

Brief description of cause:
Action to recover damages for human trafficking, forced labor, federal wage violations, and related state law claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   N/A

DOCKET NUMBER   N/A

DATE
May 24, 2021

SIGNATURE OF ATTORNEY OF RECORD
*Lerae Kroon*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

JS 44AREVISED June, **2009**
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the (  ○ Erie    ○ Johnstown    ⊙ Pittsburgh) calendar.

1. **ERIE CALENDAR** - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. **JOHNSTOWN CALENDAR** - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in_____ County and that the _____resides in_____County.

4. Complete if on **JOHNSTOWN CALENDAR**:  I certify that the cause of action arose in _____County and that the_____resides in _____County.

**PART B** (You are to check ONE of the following)

1. ○  This case is related to Number_____    . Short Caption_____._____

2. ⊙  This case is not related to a pending or terminated case.

DEFINlTIONS OF RELATED CASES:

CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related. HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**

I. CIVIL CATEGORY (Select the applicable category).

1. ○  Antitrust and Securities Act Cases
2. ○  Labor-Management Relations
3. ○  Habeas corpus
4. ○  Civil Rights
5. ○  Patent, Copyright, and Trademark
6. ○  Eminent  Domain
7. ⊙  All  other federal question cases
8. ○  All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious prosecution, and false arrest
9. ○  Insurance indemnity, contract and other diversity cases.
10. ○ Government Collection Cases (shall include HEW Student Loans (Education), V A  0verpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),  HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: May 24, 2021_____          _____
                                                                          ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH ÔŠÞRU MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

**CIVIL COVER SHEET**
**(continued)**

### 1. (c) Attorneys (firm name, address, telephone number):

Nina Menniti
Justice at Work
5907 Penn Avenue Suite 320
Pittsburgh, PA 15206
Telephone: (412) 208-6772

Mariel Mussack
Justice at Work
990 Spring Garden St.
Philadelphia, PA 19123
Telephone: (215) 733-0878
**WDPA Admission Pending (Admission Ceremony 6/22/2021)